ANNE-MARIE DeGROAT v. JOHN A. DeGROAT

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and BARBER, Js.

Argued June 8—decision released August 3, 1976

*Robert A. Teitenberg,* with whom, on the brief, were *Donald P. Cianci* and *Richard Pacini,* for the appellant (plaintiff).

*Wesley W. Horton,* with whom, on the brief, was *William R. Moller,* for the appellee (defendant).

PER CURIAM.  This appeal is from an order which modified a custody decree to remove custody of two minor children from the plaintiff and grant custody to the defendant subject to reasonable rights of visitation in the plaintiff.  Five paragraphs of the court's finding have been attacked as made without evidence.  Some of those findings are reasonable inferences from other unattacked facts found, some are immaterial to this appeal, and the others are supported by the appendices and the transcript. Hearsay evidence admitted without objection, if believed by the court, is a sufficient basis for a finding of fact.  The two paragraphs of the draft finding which the plaintiff claims are admitted and undisputed "are merely detailed restatements of facts already in the finding."  *Cleveland* v. *Cleveland,* 165 Conn. 95, 96, 328 A.2d 691.

The court found the following facts:  The parties were married in Sweden in 1960.  They have two children, Carl, born October 10, 1962, and Eric, born September 11, 1964.  The marriage was dissolved on

July 24, 1974, on the ground of irretrievable break-down. At the time of the dissolution, the plaintiff and the children lived in Simsbury. Underlying the custody provisions of the dissolution decree was an agreement of the parties and counsel that the plaintiff would not remove the children from Sims-bury and would not take them to Sweden to live. The court refused to incorporate this agreement in the decree on the basis that it could not do so. The plaintiff took the children to Sweden about December 18, 1974, and does not want to return. The defendant has not paid support since that time.

The plaintiff and her children live in a third-floor apartment in an old neighborhood in Stockholm. The children are decently clothed, cared for and loved by the plaintiff. They do not speak Swedish, have difficulty with their courses in school because of the language problem and are not taking courses needed to go on to college. Eric is taking a sewing course, and neither boy is involved in any activity similar to his activities when in Simsbury. Both children would rather live in the United States. The defendant's plan includes purchasing a new house and engaging the services of a woman to take care of the children while he is at work.

The court found that the best interests of the children would be served by modification of the judgment to award custody of the children to the defendant with reasonable rights of visitation in the plaintiff.

On May 2, 1975, the motion for modification was on the short calendar, and at that time it was agreed that the matter should go off so that the plaintiff's deposition could be taken. On June 19, 1975, when the hearing was again scheduled, a motion was made

to continue because of the unavailability of the plaintiff. The plaintiff declined the defendant's offer to arrange her flight from Sweden to Logan Field and take her deposition in Massachusetts. The evidence concluded on June 25, 1975, and a motion to postpone was again made. Upon agreement, the hearing was continued for two days. Further exhibits were introduced, but the plaintiff did not appear to testify or make any further request for postponement. The plaintiff's claim that the court abused its discretion in denying the plaintiff's motions to postpone is without merit.

The plaintiff claims error in the ruling on evidence whereby the defendant was allowed to testify as to his opinion on the future progress of the children in Swedish schools. The plaintiff objected on the ground that the defendant had not demonstrated any knowledgeability regarding the Swedish school system. The court ruled that a proper foundation on knowledgeability had been laid in the defendant's prior testimony. That testimony, regarding the courses taken by the boys, their language problems, and the extent of mandatory education in Sweden, had been admitted without objection by the plaintiff. It cannot be found that the court was in error in determining that a proper foundation had been laid.

The plaintiff's final claim, that the court erred in finding that the best interests of the children would be served by a custodial transfer to the defendant, is based principally on the view that the court did not have sufficient evidence to reach that conclusion, as the plaintiff was not given an opportunity to give her testimony or deposition. Considering the fact that almost three months had elapsed between the time the hearing was first scheduled and the time when it was finally terminated, the defendant's offer

to fly the plaintiff to this country, and the fact that no reason was given for the plaintiff's absence other than that she was in Sweden, the court was not in error in considering the issue raised on the evidence presented.

There is no error.