JEANNE E. THODE *v.* ARTHUR R. THODE
(10920)

SPEZIALE, C. J., PETERS, HEALEY, PARSKEY and GRILLO, Js.

Argued March 31—decision released July 19, 1983

*James M. Ullman,* with whom was *John T. Nugent,* for the appellant (defendant).

*Lois B. Tanzer,* with whom was *Edward Lang,* for the appellee (plaintiff).

SPEZIALE, C. J. This is an appeal from the judgment of the court dissolving the marriage of the parties,

ordering a distribution of assets, and awarding alimony, child support, and custody of the three minor children to the plaintiff wife. The defendant claims that the presiding judge abused his discretion by denying, on the day of trial, a continuance until the defendant's attorney of choice could return from vacation, and also that the trial court abused its discretion in its assignment of property and in its financial orders.

The defendant's principal claim on appeal is that the court, *Higgins, J.,* acting as presiding judge, abused its discretion when it denied his motion for a continuance, made on the day of trial, so that the defendant went to trial represented by an attorney who was not his attorney of choice.

The record discloses the following relevant facts: After being served with the plaintiff's complaint for a dissolution of marriage, the defendant husband retained the law firm of Solomon and Stanton to represent him. The defendant apparently believed that he was to have the personal representation of Alan Solomon throughout the proceedings. Solomon did, in fact, sign each of the following documents in the court file as counsel for the defendant: a motion for conciliation, filed September 9, 1980; the appearance of Solomon and Stanton, filed September 16, 1980; a motion to reopen a default judgment, filed October 28, 1980; an answer and cross complaint, filed December 2, 1980; and a claim for the family relations trial list, filed December 2, 1980. Solomon also signed, as a commissioner of the Superior Court, the defendant's financial affidavit, filed October 6, 1980, and a recognizance, filed July 14, 1981.

In May, 1981, approximately four weeks before the trial date set for this case, Solomon appeared before the court, *Higgins, J.,* and moved for a continuance,

stating that he would be out of the state on the date assigned for trial. The court denied the motion. On June 23, 1981, the date assigned for trial, the plaintiff appeared with counsel prepared to go forward with the trial. The defendant also appeared, accompanied by Angelo Arocho, an associate of the firm of Solomon and Stanton. Arocho advised the presiding judge, *Higgins, J.*, that the defendant was unwilling to be represented by anyone other than Solomon, and that Solomon was out of the state. The defendant stated that he had not discovered that Solomon was out of town until 5 p.m. the previous day, June 22, when he had gone to the offices of Solomon and Stanton for an appointment. Both Arocho and the defendant asked for a continuance. The presiding judge denied the continuance stating: "As I said to you [Arocho] in chambers when you came in with the gentleman [the defendant], *the case will be heard today.*" (Emphasis added.) In response to the defendant's personal appeal the following dialogue took place:

"The Court [*Higgins, J.*]: Take the noon hour and call him [Solomon], no matter where he is, and get counsel from him. This Court is not going to have Attorney Solomon obstinately stand in the way of the business being processed.

"Mr. Thode: Is that my fault?

"The Court: That is a matter you will have to take up with Attorney Solomon. I will continue the matter *until 2:00 o'clock this afternoon.*" (Emphasis added.)

At 2 p.m., the trial was begun before the court, *Mulcahy, J.*, with Arocho representing the defendant. No motion for a continuance was made before the trial court, *Mulcahy, J.* In response to the plaintiff's assertion on appeal that the defendant's failure to renew the motion for a continuance in the trial court constitutes

a waiver of the issue on appeal, the defendant contends that such a request would have been futile and therefore there was no waiver. We agree. The language of the presiding judge which is emphasized above indicates clearly that no continuance was to be granted beyond 2 p.m. The assignment of the case to a judge and to a courtroom underscores the finality of the presiding judge's decision.

The behavior of Solomon, as reflected by the record before us, shows at the very least an inadequate communication with his client. Whatever the reasons for Solomon's failure to be present at the hearing, it is clear that the defendant was not given adequate advance warning that Solomon would be absent, despite the fact that his original request for a continuance had been denied and the trial date had been scheduled for at least four weeks. The defendant did not want Arocho to represent him, apparently because he was not comfortable going to trial represented by a person he considered a substitute for his attorney of choice. The defendant therefore asserts that the result of the trial court's denial of the motion for a continuance was that he was being punished for Solomon's transgressions.

"A motion for continuance is addressed to the discretion of the trial court, and its ruling will not be overturned absent a showing of a clear abuse of that discretion." *Leveston* v. *Leveston,* 182 Conn. 19, 24, 437 A.2d 819 (1980). We are especially hesitant to find an abuse of discretion where the court has denied a motion for continuance made on the day of trial. See *DeGroat* v. *DeGroat,* 171 Conn. 363, 365, 370 A.2d 963 (1976); *Taylor* v. *Washington Hospital Center,* 407 A.2d 585, 592 (D.C. App. 1979). "Every reasonable presumption in favor of the proper exercise of the trial court's discretion will be made." *Ridgeway* v. *Ridgeway,* 180 Conn. 533, 538, 429 A.2d 801 (1980).

In deciding whether to cancel a scheduled trial, the court, exercising its discretion, was necessarily balancing several factors, including not only the relative harm or prejudice to both the plaintiff and the defendant but also the importance and necessity of effective caseflow management.[1] In the balancing process, the court could well have determined that the prejudice to the plaintiff plus the dictates of effective caseflow management outweighed any speculative prejudice to the defendant of being represented by Arocho rather than by Solomon.[2] In this case, the plaintiff and her attorney were prepared for trial, the defendant was represented by competent counsel, and there had been at least a month's prior notice of the trial date. Under these circumstances, in the absence of a showing of actual prejudice to the defendant, we cannot find that the trial court abused its discretion when it denied the defendant's motion for a continuance.

We are not insensitive to the apparent harshness of any decision by a court that may be perceived as punishing the client for the transgressions of his or her attorney. Although our adversarial system requires that the client be responsible for acts of the attorney-agent whom the client has freely chosen; *Link* v. *Wabash R. Co.,* 370 U.S. 626, 633–34, 634 n.10, 82 S. Ct. 1386, 8 L. Ed. 2d 734, reh. denied, 371 U.S. 873, 83 S. Ct. 115, 9 L. Ed. 2d 112 (1962); the court is not without the power to take action directly against the errant attorney. It is an inherent power of the court

---

[1] We have recently emphasized the importance of caseflow management and the central role which the presiding judge plays in reducing overcrowded dockets. *In re Mongillo,* 190 Conn. 686, 461 A.2d 1387 (1983).

[2] The defendant does not claim that Arocho's defense of the case was anything but adequate. Although the defendant's preliminary statement of issues asserted that denial of the continuance "deprive[d] the defendant to [sic] effective assistance of counsel," this claim was not briefed, and was specifically abandoned at oral argument.

to discipline members of the bar, and " 'to provide for the imposition of reasonable sanctions to compel the observance of its rules.' *Stanley* v. *Hartford,* 140 Conn. 643, 648, 103 A.2d 147 (1954)." *In re Mongillo,* 190 Conn. 686, 690, 461 A.2d 1387 (1983). Appropriate sanctions include, but are not limited to, fining the attorney in accordance with General Statutes § 51-84; *In re Mongillo,* supra, 686; or "assess[ing] costs against an attorney who fails to appear at a scheduled trial [or other hearing] without having obtained a timely continuance." *Beit* v. *Probate and Family Court,* 385 Mass. 854, 855, 434 N.E.2d 642 (1982). The fact that the trial court did not apply any sanctions in this case, however, does not affect our holding that it was a permissible exercise of the court's discretion to deny a continuance.

The defendant's claim that the trial court, *Mulcahy, J.,* abused its discretion in its financial awards and property assignment is without merit. These awards were well within the discretion permitted a court in deciding marital dissolution cases. See, e.g., *Carpenter* v. *Carpenter,* 188 Conn. 736, 741–42, 453 A.2d 1151 (1982); *Tutalo* v. *Tutalo,* 187 Conn. 249, 251, 445 A.2d 598 (1982); *Fucci* v. *Fucci,* 179 Conn. 174, 181–82, 425 A.2d 592 (1979).

There is no error.

In this opinion the other judges concurred.