PAUL J. SZILAGYI *v.* IRENE H. SZILAGYI
(2408)

HULL, BORDEN and DALY, Js.

Argued October 9—decision released December 4, 1984

---

*Murray J. Kessler,* for the appellant (plaintiff).

*Robert J. Guendelsberger,* for the appellee (defendant).

DALY, J. In this appeal[1] from the judgment dissolving the marriage of the parties, the plaintiff asserts an abuse of judicial discretion by the trial court relative to its awards of alimony, real and personal property and attorney's fees.

The plaintiff instituted this action on February 9, 1981, seeking a dissolution of the parties' nine year marriage on the basis of irretrievable breakdown. The defendant filed a cross complaint alleging irretrievable breakdown of the marriage on the grounds of adultery and physical abuse. A full hearing on the merits was held before *Hon. Robert A. Wall,* state trial referee, sitting as the trial court. The court concluded that the marriage of the parties had broken down irretrievably, and entered, inter alia, the following orders: (1) that the plaintiff convey his interest in the marital residence to the defendant; (2) that the defendant recover of the plaintiff a judgment in the sum of $4400 for unpaid alimony pendente lite; (3) that the plaintiff pay to the defendant as alimony the amount of $200 per week; (4) that attorney's fees in the sum of $1200 be paid to the defendant by the plaintiff; and (5) that certain articles of personalty, awarded to the defendant, be trans-

---

[1] This appeal, originally filed in the Supreme Court, was transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).

ferred to the plaintiff as the defendant deemed feasible. A motion to open the judgment and reargue was denied on September 1, 1982.

The plaintiff has appealed from said judgment and raised the following issues: (1) whether the court erred in not modifying the alimony pendente lite award;[2] (2) whether the court erred in awarding the plaintiff's interest in the marital residence, permanent alimony and counsel fees to the defendant; and (3) whether the court erred in awarding personal property of the plaintiff to the defendant.

The plaintiff has claimed that the alimony pendente lite order of $200 per week should have been modified on the basis of his reduced earnings and unemployment. "Connecticut unequivocally follows the widely established rule that no modification of alimony or support is to be granted unless there has been a showing of a substantial change in the circumstances of either party." *Grinold* v. *Grinold,* 172 Conn. 192, 195, 374 A.2d 172 (1976); see General Statutes § 46b-86; Practice Book § 464.

The trial court declined to believe the plaintiff's representations that his earnings as a consultant and senior vice president of Rubican International, Ltd., were negligible. The trial court concluded that the plaintiff, holder of three academic degrees, remained at his present employment where he was in a position as a "consultant" to sequester his commissions with a view to avoid payment of alimony to the defendant. The appellant apparently believes that it is incumbent upon the trier of fact to find uncontroverted testimony persuasive. Uncontradicted testimony does not have to be accepted. *Berchtold* v. *Maggi,* 191 Conn. 266, 272, 464

---

[2] The motion to modify alimony pendente lite was agreed to be heard at the time of the final hearing.

A.2d 1 (1983); *Taylor* v. *Corkey,* 142 Conn. 150, 154, 111 A.2d 925 (1955); Holden & Daly, Connecticut Evidence (1966 & Sup. 1983) § 125 (a).

An examination of the record indicates questionable stamp sales and Internal Revenue Service returns, and a refund check forgery by the plaintiff. Since the trier of fact is the ultimate judge of the credibility of witnesses, we may not pass upon the credibility of witnesses. *State* v. *DeForge,* 194 Conn. 392, 398, 480 A.2d 547 (1984); Holden & Daly, supra.

The plaintiff next challenges the trial court's award of his interest in the marital residence, permanent alimony and counsel fees to the defendant. At the time of entering a decree dissolving a marriage, the trial court may assign to either party all or any part of the estate of the other and may order either to pay alimony to the other. General Statutes §§ 46b-81 (a), 46b-82. In fixing the nature and value of the property assigned, and in determining whether alimony shall be awarded, and the duration and amount of the award, the court shall consider the length of the marriage, the causes for the dissolution of the marriage, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate and needs of each of the parties. General Statutes §§ 46b-81 (c), 46b-82; *McPhee* v. *McPhee,* 186 Conn. 167, 170–71, 440 A.2d 274 (1982). " 'The well settled standard of review in domestic relations cases is that this court will not disturb trial court orders unless the trial court has abused its legal discretion or its findings have no reasonable basis in the facts.' " *McPhee* v. *McPhee,* supra, 177.

Whether to award counsel fees in matters involving a dissolution of marriage is within the discretion of the trial judge. General Statutes § 46b-62. "In ordering either spouse to pay counsel fees, the court must consider the respective liabilities of each and the statutory criteria for awarding alimony." *Weiman* v. *Weiman,*

188 Conn. 232, 236, 449 A.2d 151 (1982). The court is not obligated, however, to make express findings on each of these statutory criteria. Id., 234.

The memorandum of decision indicates that the trial court properly considered and weighed the factors set forth in the aforesaid statutes in determining the property division, the duration and amount of the alimony award and the granting of attorney's fees. *Holley* v. *Holley,* 194 Conn. 25, 31–32, 478 A.2d 1000 (1984). "As we have repeatedly held, the trial court's orders in matrimonial matters will be presumed correct because the trial court is in a clearly advantageous position to assess all of the circumstances surrounding a dissolution action, in which personal factors such as the demeanor and the attitude of the parties are so significant." *Tutalo* v. *Tutalo,* 187 Conn. 249, 251, 445 A.2d 598 (1982).

The plaintiff also challenges the court's actions regarding his personal property. The trial court is accorded wide discretion in allocating property. *Carpenter* v. *Carpenter,* 188 Conn. 736, 742, 453 A.2d 1151 (1982). Awarding certain items of the plaintiff's personal property to the defendant, to be released at her pleasure, was not an abuse of the trial court's discretion in this case. The plaintiff apparently now lives outside Connecticut, and his past conduct indicated some disregard for orders of the court. This award is obviously designed to encourage the plaintiff's compliance with the trial court's judgment.

There is no error.

In this opinion the other judges concurred.