## PHILIP E. TISCHBEIN *v.* MARIAN C. TISCHBEIN (3187)

DUPONT, C.P.J., HULL and DALY, Js.

Argued May 10—decision released July 9, 1985

*Richard S. Perles,* for the appellant (plaintiff).

*Judy A. Stevens,* with whom, on the brief, was *Richard T. Meehan, Sr.,* for the appellee (defendant).

PER CURIAM. This appeal arises from a dissolution of marriage action. The trial court rendered a judgment dissolving the marriage and awarded the defendant wife the marital residence provided she execute a note and second mortgage for $10,000 payable to the plaintiff husband on the occurence of the first of the following events: the defendant wife's death, the closing date if the house is transferred, or on September 15, 1996. In addition, the trial court permitted the defendant wife to retain her vested pension, her savings bonds and stocks, her savings and checking account, and other items of personalty. In addition to the $10,000 note, the trial court permitted the plaintiff husband to retain his ownership in two automobiles, a check for approximately $500 and any personalty presently in his possession or control. The plaintiff husband appealed that judgment.

On appeal, the plaintiff challenges the trial court's assignment of the marital property.[1] Connecticut's

---

[1] Two other claims of error were briefed by the plaintiff husband. These claims, however, are not properly before this court since the plaintiff did

appellate courts have repeatedly, evidently to no avail, indicated that the scope of appellate review in domestic relations is limited to determining whether the trial court could reasonably conclude as it did. *Thode* v. *Thode,* 190 Conn. 694, 699, 462 A.2d 4 (1983); *Sweet* v. *Sweet,* 190 Conn. 657, 664, 462 A.2d 1031 (1983); *Carpenter* v. *Carpenter,* 188 Conn. 736, 741–42, 453 A.2d 1151 (1982); *Szilagyi* v. *Szilagyi,* 3 Conn. App. 25, 28, 484 A.2d 469 (1984). This court has reviewed the record and finds that the trial court could reasonably conclude as it did.

There is no error.

not include the claims in his preliminary statement of issues as required by Practice Book § 3012 (a). *Bielaska* v. *Waterford,* 196 Conn. 151, 156, 491 A.2d 1071 (1985); *Barrett* v. *Central Vermont Railway, Inc.,* 2 Conn. App. 530, 536, 480 A.2d 589 (1984).