## SONDRA LEVY *v.* MARK LEVY
### (3237)

SPALLONE, DALY and STOUGHTON, Js.

Argued June 14—decision released September 10, 1985

*Wesley W. Horton,* with whom were *Susan M. Cormier* and, on the brief, *Richard L. Goldblatt,* for the appellant (plaintiff).

*James R. Greenfield,* for the appellee (defendant).

STOUGHTON, J. The plaintiff has appealed from the financial orders incident to a judgment dissolving her marriage to the defendant. The only issue in this appeal is whether the trial court abused its discretion in entering those orders. Specifically, the court ordered that

the plaintiff be permitted to live rent free in a condominium owned by the defendant for a period of three months ending on August 1, 1984; that she be awarded the entire contents of that condominium, including furniture, furnishings and works of art or decoration; that she surrender to the defendant a Mercedes automobile which the defendant had permitted her to use; and that the defendant pay the plaintiff lump sum alimony of $15,000, out of which she was to purchase an automobile and pay counsel fees. The court also awarded the plaintiff periodic alimony of $600 per week, nonmodifiable, for three years, unless she remarried or cohabited with another male before the expiration of that period.

The trial court found the following facts: The length of the parties' marriage was a few months over six years. There were no children of the marriage. The plaintiff, who was employed by a car rental agency when she met the defendant, contributed no tangible property to their combined estate. Her only contribution to the assets of the marriage was the time she spent as purchasing agent for the defendant's fire extinguisher company. She was an employee of the company for five or six years, first as a clerical worker and later as its purchasing agent. She also assisted with company business on some of the business trips the parties made together. She drew a substantial salary, but the actual value of her services to the continuing financial success of the business was somewhat doubtful.

The trial court attributed the cause of the breakdown of the marriage largely to the fast lifestyle which both parties enjoyed. It found that neither party was totally at fault, although the elements of fault weighed to some extent against the plaintiff. At the time of trial, the plaintiff was thirty-three years old and the defendant was thirty-six. Each was in good health, attractive and college-educated. The plaintiff's financial affidavit showed weekly gross wages of $437.80, and net wages

of $338.30. This salary was paid by the defendant's company, although the plaintiff was not at that time doing any work. In addition, the defendant was paying the plaintiff $362 per week as temporary alimony, thus providing her with a total weekly income of $700.30. The defendant's gross wages were $3000 per week and his net wages came to $1751.30 per week. His affidavit showed assets which he valued at about $10,000,000, of which $9,000,000 represented the value of his company. His liabilities totalled $194,000.

Since the separation, the plaintiff had continued an extravagant way of life on the payments made to her by the defendant. She listed weekly expenses of $1781.87, despite the fact that she had the free use of the defendant's condominium, on which the defendant paid the mortgage, condominium fees, and utilities, and a Mercedes which the defendant rented for her at a cost of almost $1000 per month. The court found that all of these payments by the defendant to or on behalf of the plaintiff during the pendency of this action amounted to about $75,000 per year, and that in addition she had received approximately $50,000 in furs and jewelry as gifts from the defendant during their relationship. Her affidavit listed $3000 in a checking account and shares of stock valued at $7816. The furniture, furnishings and other items which were awarded to her were valued on her affidavit at $50,000. Although the trial court made no specific findings as to the increase in value of the defendant's fire extinguisher company over the years, the parties agreed that the fair market value of the business increased from $1,000,000 in 1977 to $6,000,000 or $7,000,000 in 1982, and to $9,000,000 in 1984.

The plaintiff argues on appeal that the division of property was totally unjustified, given the trial court's finding that she "undoubtedly is entitled to claim credit for a modest contribution to the value of the business,"

and its findings as to the remaining statutory criteria. She claims that the orders constituted an abuse of discretion.

"In fixing the nature and value of the property assigned, and in determining whether alimony shall be awarded, and the duration and amount of the award, the court shall consider the length of the marriage, the causes for the dissolution of the marriage, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate and needs of each of the parties. General Statutes §§ 46b-81 (c), 46b-82; *McPhee* v. *McPhee*, 186 Conn. 167, 170–71, 440 A.2d 274 (1982)." *Szilagyi* v. *Szilagyi*, 3 Conn. App. 25, 28, 484 A.2d 469 (1984). The memorandum of decision reveals that the trial court weighed the factors set forth in those statutes in arriving at the property division and the duration and amount of alimony.

"We must read the language of the trial court in the context of its entire memorandum of decision, declining to find reversible error solely because of what may be an inappropriate choice of words. *Coe-Park Donuts, Inc.* v. *Robertshaw Controls Co.*, 1 Conn. App. 84, 87–89, 468 A.2d 292 (1983)." *Fisher* v. *Fisher*, 4 Conn. App. 97, 100, 492 A.2d 525 (1985). It is clear from the memorandum of decision that the trial court concluded that the plaintiff contributed little to her comparatively brief relationship with the defendant and that the value of her contribution to the increasing success of his business was slight indeed. "The well settled standard of review in domestic relations cases is that this court will not disturb trial court orders unless the trial court has abused its legal discretion or its findings have no reasonable basis in the facts." *McPhee* v. *McPhee*, 186 Conn. 167, 177, 440 A.2d 274 (1982); *Gallo* v. *Gallo*, 184 Conn. 36, 50, 440 A.2d 782 (1981); *Szilagyi* v.

*Szilagyi,* supra. In this case we cannot conclude that the trial court abused its discretion or that its findings had no reasonable basis in the facts.

There is no error.

In this opinion the other judges concurred.