STATE OF CONNECTICUT *v.* STEPHEN KRIJGER
(11855)

FOTI, LANDAU and CRETELLA, Js.

Argued September 22—decision released November 16, 1993

*Stephen J. Krijger,* pro se, the appellant (defendant).

*James M. Ralls,* assistant state's attorney, with whom, on the brief, were *C. Robert Satti, Sr.,* state's attorney, and *Mary Jean Kanabis,* assistant state's attorney, for the appellee (state).

CRETELLA, J. The pro se defendant appeals from the judgment of conviction, rendered after a jury trial, of reckless driving in violation of General Statutes § 14-222, engaging police in pursuit in violation of General Statutes § 14-223 (b), and misuse of license plates in violation of General Statutes § 14-147 (c). The defendant claims that the trial court improperly (1) denied his motion for judgment of acquittal as there was not sufficient evidence to support the jury's guilty verdict, (2) denied him the constitutional right to a speedy trial, and (3) denied him a continuance, which prevented him from calling another witness. We disagree.

The jury could reasonably have found the following facts. On February 25, 1991, shortly after 2 p.m., Raymond Loughman, a Groton police officer operating an unmarked vehicle, saw the defendant's silver BMW go through a red light. Loughman observed, from a distance of approximately twenty-five to fifty feet, that the driver was the sole occupant of the BMW. The officer activated his flashing emergency lights and siren and began to follow the defendant on Route 1 in Groton. The defendant led the officer on a high speed chase, passing cars in both lanes and weaving in and out of moderate traffic before getting on the entrance ramp

for I-95 north. On the highway, he continued to weave back and forth across the lanes driving in excess of seventy miles per hour.

Loughman radioed headquarters for assistance and was joined by Sergeant Michael Lewin, also of the Groton police department. The defendant exited I-95 at the Route 117 juncture, proceeded south on Route 117 and turned onto Hazelnut Hill Road, a winding, country road. Loughman lost sight of the defendant but Lewin observed him run behind a church on Hazelnut Hill Road. Minutes later, when Lewin pulled into the church parking lot, he discovered the defendant's car parked there. The defendant, who was the only other person in the parking lot, admitted that the car was his, but claimed that he was merely a passenger and not the operator.

The defendant claimed that the operator, who had been test-driving the car to decide whether to buy it, exited the car at the Pequot Center on Hazelnut Hill Road, one-half mile away from the church. The defendant maintained that it was at that point that he got in the driver's seat and drove up the road to the church where he had an appointment with the minister. He also indicated that he was unaware that the police were following his car. The officers ran a check of the license plate and discovered that, although the plate was registered to the defendant, it was assigned to a different car. The defendant admitted that he had taken the plate off his other car and put it on this one.

The jury chose not to give credence to the defendant's claim that he was only a passenger in the vehicle or to the sole witness produced by the defendant who testified that he had observed the defendant as a passenger when the defendant's vehicle passed his on I-95, sometime between 2 and 3 p.m. on February 25, 1991.

I

The defendant first claims that the trial court should have granted his motion for judgment of acquittal because the state produced insufficient evidence to sustain his convictions of engaging an officer in pursuit and reckless driving. We disagree.

" 'In reviewing a claim of insufficiency of the evidence, this court construes the evidence in the light most favorable to sustaining the jury's verdict and will affirm that verdict if it is reasonably supported by the evidence and the logical inferences drawn therefrom.' . . ." *State* v. *Adams,* 225 Conn. 270, 276, 623 A.2d 42 (1993), quoting *State* v. *Ruscoe,* 212 Conn. 223, 245, 563 A.2d 267 (1989), cert. denied, 493 U.S. 1084, 110 S. Ct. 1144, 107 L. Ed. 2d 1049 (1990). "The issue is whether the cumulative effect of the evidence was sufficient to justify the verdict of guilty beyond a reasonable doubt." *State* v. *Ruscoe,* supra.

To convict the defendant of the crimes of engaging an officer in pursuit and reckless driving, the state first had to prove that the defendant was operating the vehicle. A jury need not accept a defendant's version of the events or the reasonable inferences that flow therefrom. *State* v. *Adams,* supra, 278. "The jury is free to juxtapose conflicting versions of events and to determine which is the more credible. See, e.g., *State* v. *Bunkley,* 202 Conn. 629, 645, 522 A.2d 795 (1987); *State* v. *Banks,* 194 Conn. 617, 619, 484 A.2d 444 (1984). Should it determine, as it did here, that the state has proven beyond a reasonable doubt facts constituting the elements of the crimes charged, its responsibility is to return verdicts of guilty. We do not sit as [an additional] juror who may cast a vote against the verdict based upon our feeling that some doubt of guilt is shown by the cold printed record. . . . Rather, we must defer

to the jury's assessment of the credibility of the witnesses based on its firsthand observation of their conduct, demeanor and attitude. . . . *State* v. *Henning,* 220 Conn. 417, 420, 599 A.2d 1065 (1991)." (Citation omitted; internal quotation marks omitted.) *State* v. *Adams,* supra.

Applying these standards to this case, we conclude that the evidence presented by the state could reasonably have persuaded the jury, beyond a reasonable doubt, that the defendant was the driver of the vehicle, and thus was guilty of the operating offenses of engaging an officer in pursuit and reckless driving.

## II

The defendant next claims, for the first time on appeal, that he was denied his right to a speedy trial. We disagree.

The defendant now claims that the delay of nineteen months from his arrest on February 25, 1991, to his trial on September 14, 1992, demonstrates the lack of a speedy trial. He admits that he failed to preserve the speedy trial claim by making a motion in the trial court. He argues, however, that because he has proffered a constitutional claim, it is reviewable under the doctrine of *State* v. *Golding,* 213 Conn. 233, 567 A.2d 823 (1989). We conclude, however, that the defendant failed to reach any of the four prongs that would justify a review under *Golding.* This is especially obvious as to the absence of an adequate record since there was never any hearing held.[1]

---

[1] Even if we chose to review the defendant's speedy trial claim, it is without merit. The record reveals that the defendant was arrested on February 25, 1991. His first court appearance was March 11, 1991, when a public defender was appointed. Subsequently, the case was continued without the defendant's objection until June 18, 1991, when the defendant applied for accelerated rehabilitation. On that date, the state also entered nolle prosequis in the counts of engaging police in pursuit and improper use of

## III

The defendant's last claim is that the trial court abused its discretion when it refused to give him an additional day at the end of the trial to produce another witness.

Approximately one week before trial, the court notified the defendant that the trial date had been changed and the trial would begin on September 14, 1992, instead of September 15, 1992. At trial, the defendant admitted that he had received notice of such schedule change but claimed that as a result of it, a witness that had intended to testify on the original trial date was unable to do so on September 14. The defendant claims that this witness' testimony was crucial to his case because she would have corroborated the testimony of his only other witness that the defendant was a passenger in the BMW and not the driver.

The transcript clearly establishes that the defendant did not request a continuance to accommodate this witness. Even if we construe the dialogue between this pro se defendant and the court as being an informal request for a continuance, he did not properly take exception to the court's decision to proceed. The following dialogue took place:

"The Court: . . . Any other witnesses?

"The Defendant: There was one other lady, Your Honor. She had children and she had made arrangements for tomorrow. She may or may not show up today.

"The Court: No, this is your trial today.

"The Defendant: Yes, Your Honor.

---

plates. On July 10, 1991, the defendant was terminated from accelerated rehabilitation because it was discovered that he had previously been in that program. On August 23, 1991, the state's nolle prosequis were reopened and the defendant pleaded not guilty.

"The Court: I know that you have had notice and that's why we have gone ahead.

"The Defendant: Yes.

"The Court: Are you ready for your argument now?

"The Defendant: Yes, Your Honor."

The defendant made no further requests for continuance or any objection to the trial court's ruling to proceed. Although we allow pro se litigants some latitude, "the right of self-representation provides no attendant license not to comply with relevant rules of procedural and substantive law." *Galland* v. *Bronson,* 204 Conn. 330, 334–35, 527 A.2d 1192 (1987); *Duve* v. *Duve,* 25 Conn. App. 262, 264, 594 A.2d 473, cert. denied, 220 Conn. 911, 579 A.2d 332 (1991), cert. denied, U.S. , 112 S. Ct. 1224, 117 L. Ed. 2d 460 (1992).

Furthermore, even if we glean from the defendant's dialogue with the court that he did request a continuance, which the court denied, such denial is within the discretion of the trial judge and will be set aside only if a clear abuse of discretion is shown. *State* v. *Walker,* 215 Conn. 1, 9–10, 574 A.2d 188 (1990); *State* v. *Williams,* 200 Conn. 310, 320, 511 A.2d 1000 (1986). "We are especially hesitant to find an abuse of discretion where the court has denied a motion for continuance made on the day of the trial." *Thode* v. *Thode,* 190 Conn. 694, 697, 462 A.2d 4 (1983). To establish an abuse of discretion, the defendant must show that denial of the continuance demonstrably prejudiced his ability to defend himself. *State* v. *Walker,* supra, 10; *State* v. *Stanley,* 197 Conn. 309, 312, 497 A.2d 46 (1985). We cannot conclude that the trial court abused its discretion by refusing to delay the trial nor is there a reason to believe that its denial of the defendant's request impaired his ability to present a defense.

The judgment is affirmed.

In this opinion the other judges concurred.