[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR MODIFICATION AND DEFENDANT'S MOTION FOR CONTEMPT
A. Plaintiff's Motion for Motion, Modification
On December 10, 1997 the parties stipulated that plaintiff pay defendant as alimony pendente lite the sum of $150 per week without prejudice. Plaintiff's financial affidavit at that time reflected a net weekly income of $1,450 and an I.R.S. debt of $45,000. Defendant on that date received net weekly unemployment compensation in the amount of $289.
On February 17, 1998 plaintiff filed a motion to modify that order, claiming an I.R.S. lien against his pay for $400 weekly as well as a I.R.S. lien amounting to $115 weekly.
At the hearing on this motion on July 22, 1998 it developed there are at present no liens of any sort on plaintiff's "pay" but that the I.R.S. has demanded a payment of $5,000 monthly and the D.R.S. a payment of $1,000 monthly commencing August 1, 1998.
Plaintiff's current financial affidavit reflects weekly net income of $1,857, and I.R.S. debt of $40,000, a D.R.S. debt of almost $13,000, and 1998 income tax and F.I.C.A. debts of $11,170.
This court observes that while plaintiff's present financial situation is unenviable and the outlook bleak, it has nevertheless improved slightly since December 10, 1997 with regard to net weekly income, and has remained substantially in status quo insofar as liabilities are concerned. It is also mindful that plaintiff's request for modification of this pendente lite order would, absent the "without prejudice" provision, be granted only if there has been a substantial change in circumstances since the date of the award. See Dooley v.Dooley, 32 Conn. APP. 863 (1993) and Szilagyi v. Szilagyi,3 Conn. App. 25, 27 (1984). CT Page 9612
Construing the meaning and intent of the phrase "without prejudice" most favorably to plaintiff, it would seem that this court should proceed as though the existing order had never been entered and that the court should take a fresh look at the financial situation of the parties without any concern whether there has been a substantial change in the circumstances of either party since the entry of the last stipulated order.
Following this direction, and feeling also that plaintiff might be prejudiced if the existing order were increased, it is the opinion of this court that, on the evidence, the present order of $150 per week in alimony to defendant should not be modified. Plaintiff's motion is accordingly denied.
B. Defendant's Motion for Contempt
This court determines that 32 weeks have transpired since the entry of the pendente lite alimony order of $150 per week, that the total amount due defendant during that period was $4,800, that she has therefore received from plaintiff sums totaling $1,900 and that plaintiff owes her as of this date $2,900. Defendant moves that plaintiff be found in contempt for failure to pay this amount to her.
"In a contempt proceeding, even in the absence of a finding of contempt, a trial court has broad discretion to make whole any party who has suffered as a result of another party's failure to comply with a court order." Sardilli v. Sardilli,16 Conn. App. 114, 120 (1988), Nelson v. Nelson,13 Conn. App. 355, 367 (1988).
While, on the evidence, plaintiff is not found to be in contempt, he is nevertheless ordered pay defendant said arrearage of $2,900 within three weeks from date hereof.
Lastly, although there is merit to defendant's request for attorney's fees, this court nonetheless concludes, after a review of all the evidence, including defendant's current financial affidavit, that such an award would be at present inappropriate. Defendant's request is accordingly denied.
BY THE COURT
John D. Brennan Judge Trial Referee CT Page 9613