[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION PLAINTIFF'S MOTION TO OPEN JUDGMENT
This Motion To Open Judgment was filed by Linda Ayres, a pro se litigant, who commenced this action against the named defendant, United Methodist Homes, and numerous others, on December 29, 1999. The plaintiff alleges various grievances against the defendants, including, inter alia, negligence, defamation, intentional interference with prospective advantage, legal harassment, telephone harassment, conspiracy to interfere with the plaintiff's advantage, as well as a host of others. This matter was dismissed under the dormancy program for failure to prosecute on May 3, 2002. The plaintiff filed a timely Motion to Reopen and the defendants filed an objection thereto. This court heard argument by the plaintiff and opposing counsel on September 16, 2002.
A ruling on a Motion to Open Judgement is within the court's discretion as governed by statute and rule of practice. Batory v. Bajor,22 Conn. App. 4, 8, 575 A.2d 1042 (1990). There is a two-pronged test for setting aside a judgment rendered after dismissal. "There must be a showing (1) that a good cause of action, the nature of which must be set forth, existed at the time judgment was rendered, and (2) that the plaintiff was prevented from prosecuting the action because of mistake, accident or other reasonable cause." Jaconski v. AMF, Inc., 208 Conn. 230,237, 543 A.2d 728 (1988).
Procedural History
On August 9, 2002 the Defendants filed a Request to Revise the Plaintiff's Complaint. The Plaintiff filed a Second Revised Complaint dated November 4, 2000; however, this complaint failed to comply with the defendants requested revisions of August 9, 2000. On November 21, 2000, the Defendants filed a Motion for Nonsuit for Failure to Plead in accordance with the August 9, 2000 Request to Revise. The court ruled on this motion on January 22, 2002, and ordered the plaintiff to fully comply with the August 9, "2000 Request to Revise within 20 CT Page 11936 days.(Sheedy, J.) On March 5, 2002, the plaintiff's Request for Extension of Time to comply was denied by the court (Sheedy, J.) who found that ". . . there is no reason for non-compliance."
A Third Revised Complaint was filed by the plaintiff on March 14, 2002, which, again, failed to fully comply with the August 9, 2000 Request to Revise, and Judge Sheedy's order of January 22, 2002.[1]
Rather, the plaintiff's Third Revised Complaint included additional allegations, giving rise to vehement objection by defense counsel. This matter appeared on the dormancy docket, from which the plaintiff requested Exemption on February 19, 2002. The Request for Exemption was denied by Judge Sheedy on May 3, 2002, at which time Judgment of Dismissal entered.
Discussion
At oral argument the plaintiff explained that one reason for her failure to obey the court's order was that she had been out of state and did not return until February, 2002. She also argued that she has viable claims which she should be allowed to present in court and that this is the first time her case has appeared on the dormancy calender.
This action was filed almost three years ago and the pleadings are far from being closed. While Ms. Ayres is a pro se litigant and should be afforded a degree of latitude in prosecuting her claims, "`[T]he right of self-representation [however] provides no attendant license not to comply with relevant rules of procedural and substantive law.'" State v.Krijger, 33 Conn. App. 49, 55, 633 A.2d 310 (1993), cert. denied,228 Conn. 917, 636 A.2d 849 (1994), quoting Galland v. Bronson,204 Conn. 330, 334-35, 527 A.2d 1192 (1987). Despite "significant leeway provided to Ms. Ayres,[2] she has failed to comply with the rules of practice, as well as a very specific court order, without good cause shown. Moreover, the confusing and rambling assertions in the complaint, subject of the aforementioned Request to Revise, negate the requisite showing of a good cause of action.
For these reasons, the Motion to Open is denied.
By The Court,
Wolven, Judge