[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Ruling on Motion for Class Certification
The plaintiffs, recipients of settlements or judgments in personal injury cases, have moved to certify a class action against the defendant, their medical insurer, concerning the right of the defendant to obtain reimbursement of payments it made to the plaintiffs pursuant to their medical insurance. Applying the factors set out in Practice Book §§ 9-7 and 9-8 as described below, the court conditionally grants the motion.[1]
1. Numerosity and the composition of the class
The plaintiff earlier sought to certify a class consisting of persons asserting that the mere receipt of a request from the defendant for reimbursement, whether or not the person actually reimbursed the defendant, violated the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a et seq. ("CUTPA").[2] This class, which would apparently include thousands of persons, would easily satisfy the numerosity requirement. For those persons who did not actually reimburse the defendant, however, the only damages that can be claimed are the interest that they did not receive while the money that they set aside for possible reimbursement was held in a noninterest bearing escrow account and/or any emotional suffering they experienced from the allegedly unlawful demand for reimbursement. As plaintiffs' counsel stated at oral argument, the foregone interest is essentially nominal. It therefore does not clearly constitute the "ascertainable loss" required under CUTPA. General Statutes § 42-110g (a). Further, the plaintiffs explicitly admit in their memorandum that the remainder of the original proposed class "did not suffer any ascertainable loss because they refused to pay PHS the money it demanded." (Plaintiff's Supplemental Memorandum in Support of Class Certification, p. 10.) The court agrees. Any emotional injury stemming from the defendant's request for reimbursement does not constitute the type of "ascertainable loss of money or property, real or personal" required under CUTPA. General Statutes §42-110g (a). Moreover, personal injury and emotional distress claims are CT Page 13554 not appropriate for class actions because the causation inquiry would be unique for each claimant. See Maltagliati v. Wilson, Superior Court, Judicial District of Hartford, Docket No. 575612 (Oct. 7, 1999, Mulcahy,J.). Accordingly, the court will not certify the class as earlier proposed.
The plaintiff agrees to exclude any person who, with regard to the settlement or judgment in question, was a workers compensation claimant, a Medicaid recipient, or a member of an ERISA self-funded health plan. The court adds to this exclusion those persons who participated in self funded health plans with "stop-loss" or excess insurance. The courts have held that the purchase of stop-loss insurance does not convert a self-funded plan to an insured plan for purposes of the applicability of state laws such as General Statutes § 52-225c, which is the collateral source statute at issue on the merits of this case. SeeConnecticut Steel Corp. v. Cordova, Superior Court, judicial district of New Haven at Meriden, Docket No. 248271 (July 5, 1995, Gaffney, J.).
CUTPA's statute of limitations provides that "[a]n action under this section may not be brought more than three years after the occurrence of a violation of this chapter." General Statutes § 42-110g (f). The parties dispute whether the class can include persons who made payments more than three years before the service of the defendant with this suit on November 27, 2000, which constitutes the date when the action was brought. See Beebe v. Town of East Haddam, 48 Conn. App. 60, 66,708 A.2d 231 (1998). Initially, it appears that the continuing course of conduct doctrine relied upon by the plaintiffs to toll the statute of limitations does not apply to CUTPA actions. See Fichera v. Mine HillCorp., 207 Conn. 204, 209-13, 541 A.2d 472 (1988); cf. Blanchette v.Barrett, 229 Conn. 256, 265, 640 A.2d 74 (1994). In any event, the court holds that each reimbursement request and subsequent payment was a discrete act, rather than a continuing course of conduct, with regard to any individual potential class member. See Duprey v. ConnecticutDepartment of Motor Vehicles, 191 F.R.D. 329, 341-42 (D. Conn. 2000). Accordingly, the statute of limitations would expire three years after each reimbursement, thus excluding from the proposed class those persons who made payments before November 27, 1997.
The class of persons, excluding workers compensation, Medicaid, and self funded health plan claimants, who actually made reimbursement to the defendant since November 27, 1997 numbers approximately 170. From this class, the court must exclude two other groups of people. First, 106 people paid less than the total amount of the lien. Some of these people may have done so as a result of negotiations with the defendant concerning its disputed right to reimbursement. The court rejects the CT Page 13555 plaintiff's argument that any settlement with the defendant was coerced as a matter of law and that therefore these personal injury plaintiffs did not waive their claim against the defendant. This court cannot decide whether the defendant made a good faith request for reimbursement, thus negating the coercion argument, without resolving the ultimate issue on the merits of this case, which is impermissible at the class certification stage. See Marr v. WMX Technologies, Inc., 244 Conn. 676,680, 711 A.2d 700 (1998). Further, the exact nature of the negotiations between the potential class member and the defendant is a factual matter, which must be determined on a case-by-case basis. Thus, class certification is ill-suited for this group of people. See Collins v.Anthem Health Plans, Superior Court, judicial district of Waterbury, Docket No. 156198 (July 19, 2001 Hodgson, J.).
There may well be other people who paid the defendant less than the full amount of the demand because their personal injury settlement or verdict was too small. These people did not waive their claim that the defendant's reimbursement claim was invalid. It should not be difficult to determine the identity of these people from documentary evidence. Accordingly, these people can be included in the class.
A second group of people who, in theory, should be excluded from the class of 170 are those people who asserted that the defendant had a right to reimbursement or subrogation during their personal injury action. These people may have done so to take advantage of General Statutes § 52-225a (a), which provides that there shall be no reduction from an award for "a collateral source for which a right of subrogation exists." Those potential class members who asserted a right to subrogation in their personal injury actions cannot now assert that the defendant has no right to subrogation. They have waived their claim.
Plaintiff's counsel represented at oral argument, however, that he knew of no person who had asserted that the defendant had a right to subrogation. This court would not deny class certification based on the mere theoretical possibility that there may be persons who do not fit within the class. In this situation, it is appropriate to take advantage of the fact that CUTPA allows for approval of class actions to be conditional. General Statutes § 42-110h. Accordingly, one of the conditions of approval of the class is that there will not be the need to conduct large numbers of depositions or evidentiary hearings to determine whether persons have asserted a right to subrogation during their underlying personal injury actions. It may well be possible to determine whether anyone asserted a right to subrogation by looking solely at documentary evidence. The court may need to authorize further written discovery on this point. CT Page 13556
Assuming, quite favorably to the defendant, that all 106 of the group of 170 who paid less than the full amount of the lien did so as a result of negotiations with the defendant, thus arguably waiving their claim that the defendant had no right to reimbursement, there would remain 64 persons eligible to form a class. In reality, it is likely that some of the 106 paid less than the full amount of reimbursement because their recovery was too small and that the class would therefore exceed 64 persons. In either event, the number of persons in this class would be sufficient to satisfy the numerosity test. See Robidoux v. Celani,987 F.2d 931, 935 (2d Cir. 1993).
2. Commonality
The defendant raises two significant arguments against finding commonality. The first argument focuses on the first prong of the "the cigarette rule," which is the established definition of an unfair trade practice under CUTPA. See Cheshire Mortgage Service, Inc. v. Montes,223 Conn. 80, 105, 612 A.2d 1130 (1992).[3] The defendant claims that the question of whether the its practice of seeking reimbursement offends public policy, as required by the first prong, requires an examination of the defendant's conduct toward each individual class member. The court disagrees. The violation of a statute by itself can satisfy the public policy requirement, particularly if the violation constitutes a "breach of established concepts of fairness." Id., 107, 112. In this case, the plaintiffs allege that the defendant recovered collateral source benefits in violation of General Statutes § 52-225c, which contains language, the applicability of which is to be determined in this case, that expressly prohibits recovery of collateral source benefits.[4] Without intimating any view of the merits of this case, the court can say that it is at least possible that the plaintiffs can prove a sufficient violation of public policy if they prove that the defendant violated this statute.[5]
The defendant's second argument is that the plaintiffs cannot prove causation on a class-wide basis. CUTPA requires that a party establish that any ascertainable loss occurred "as a result of' an unfair trade practice. General Statutes § 42-110g (a). The language "as a result of' requires a showing of proximate cause. See Abrahams v. Young Rubican, Inc., 240 Conn. 300, 306, 692 A.2d 709 (1997). Our courts have interpreted this requirement liberally, see Calandro v. AllstateInsurance Co., 63 Conn. App. 602, 612, 778 A.2d 212 (2001), in keeping with the remedial purpose of the statute. General Statutes §42-110b (d). CT Page 13557
The defendant maintains that it is not clear in every case that the plaintiffs paid the defendant "as a result of' the defendant's demand. The only intervening cause that the defendant can suggest, however, is the advice of the personal injury attorney. Such advice cannot constitute an intervening cause. If the attorney advised the client to make reimbursement, then the act of the attorney, as an agent of the client, is attributable to the client. See Thode v. Thode, 190 Conn. 694, 698,462 A.2d 4 (1983). If the attorney ill-advised the client not to make reimbursement and the client disregarded that advice, then it is even clearer that the attorney did not cause the payment. Especially in view of the liberal construction that the court must accord the causation requirement, it appears that the only possible cause of a potential class member's payment to the defendant was the defendant's demand. Accordingly, the issues in this case have sufficient commonality to merit class certification.
3. Typicality
Delores Townsend is the only named plaintiff who reimbursed the defendant for medical payments. It appears, however, that Townsend paid the defendant less than the total amount of the defendant's lien against her. The court agrees with the defendant's suggestion that further discovery is necessary to determine whether Townsend paid less than the amount of the lien as a result of a negotiated settlement, which might constitute a waiver of her current claim against the defendant. If Townsend is not typical of the class of people who did not waive their claim, the court will have to consider whether to substitute someone else as a plaintiff who is typical.
4. Adequacy
The defendant does not dispute that plaintiff's counsel is adequate to represent the class in a legal capacity and that plaintiff Townsend has a sufficient stake in the outcome, without any conflict of interest, to pursue the claim on behalf of others similarly situated. Therefore, the adequacy requirement is satisfied. See Duprey v. Connecticut Departmentof Motor Vehicles, supra, 191 F.R.D. 337.
5. Predominance
The court has eliminated most, if not all, of the individual issues by narrowing the definition and size of the class. Accordingly, the court finds that "the questions of law and fact common to the members of the class predominate over any questions affecting only individual members. . . ." Practice Book § 9-8. CT Page 13558
6. Superiority
The court believes that "a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Practice Book § 9-8. The plaintiffs represent that the average amount reimbursed from the class of 170 was $1,580.04, ranging from a low of $14 to a high of $20,000. The court agrees with the plaintiffs that few but perhaps the individual who paid back $20,000 would find it economically feasible to file a CUTPA action against a large insurance company. Given the complexities of the law in this area, many potential class members undoubtedly are unaware of their possible claim. Effectively, only a class action allows these people to participate in the litigation and obtain any possible benefits.
7. Conclusion
The motion for class certification is granted, subject to the conditions stated in this Ruling, and limited to the class of persons who, after November 27, 1997, reimbursed the defendant for medical payments from the proceeds of a personal injury judgment or settlement, in response to a demand for payment or notice of lien from the defendant or its agent, with the exception of the following persons:
1. Any person who, with regard to the settlement or judgment in question, was a workers compensation claimant, a Medicaid recipient, a member of an ERISA self-funded health plan, including self funded health plans with "stop-loss" or excess insurance, or other plan about which the parties agree that the defendant had a right to reimbursement;
2. Any person who reimbursed the defendant less than the full amount of the defendant's demand or lien; provided, however, that any person whose personal injury settlement or verdict was less than the amount of the defendant's demand or lien or otherwise clearly did not waive his right to reimbursement shall be included in the class if otherwise eligible; and
3. Any person who asserted that the defendant had a right to subrogation or reimbursement during their underlying personal injury action.
It is so ordered.
Carl J. Schumann Judge, Superior Court CT Page 13559