KENNETH F. LEMOINE, JR. *v.* JAMES F. MCCANN (14741)

Foti, Landau and Daly, Js.

Argued November 3, 1995—decision released March 5, 1996

*Kenneth Lemoine, Jr.,* pro se, the appellant (plaintiff).

*Stephen R. Sarnoski,* assistant attorney general, with whom, on the brief, was *Richard Blumenthal,* attorney general, for the appellee (defendant).

DALY, J. The plaintiff appeals from the judgment rendered after the trial court granted the defendant's motion to dismiss. On appeal, the plaintiff claims that the trial court improperly dismissed the action for lack of subject matter jurisdiction on the basis of sovereign immunity. We affirm the judgment of the trial court.

The trial court appointed the defendant attorney as a special assistant public defender to represent the plaintiff in a criminal matter. After a jury trial, the plaintiff was convicted of several counts of the crimes with which he was charged. The plaintiff appealed.

The Appellate Court reversed the convictions and ordered a new trial. *State* v. *Lemoine*, 33 Conn. App. 743, 641 A.2d 131 (1994). The Supreme Court granted the state's petition for certification to appeal, reversed the judgment of the Appellate Court and remanded the case to the Appellate Court for consideration of the plaintiff's remaining claims on appeal. *State* v. *Lemoine*, 233 Conn. 502, 659 A.2d 1194 (1995). On remand, the Appellate Court affirmed the judgment of the trial court on the sole remaining claim. *State* v. *Lemoine*, 39 Conn. App. 657, 666 A.2d 825 (1995).

Subsequently, the plaintiff initiated the present civil action claiming legal malpractice by the defendant in the course of his representation of the plaintiff in the prior criminal action, and seeking monetary damages from the defendant. The defendant filed a motion to dismiss, asserting lack of jurisdiction over the subject matter by virtue of the doctrine of sovereign immunity. Practice Book § 143.[1] The trial court granted the motion to dismiss and rendered a judgment thereon, and this appeal ensued.

The plaintiff claims on appeal that the trial court improperly held that a special assistant public defender

---

[1] Practice Book § 143 provides: "The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter . . . ."

is a "public official or employee of the state" and, therefore, is entitled to sovereign immunity pursuant to General Statutes § 4-165. He also claims that the trial court improperly held that the defendant is protected by the doctrine of sovereign immunity. The plaintiff gives as reasons for this conclusion (1) that the trial court improperly held that the facts as pleaded in the complaint allege negligent rather than wanton, reckless or malicious acts, (2) that as a pro se plaintiff he was entitled to "more latitude" than a plaintiff represented by counsel in the court's determination of whether the complaint alleged "wanton, reckless or malicious" acts by the defendant as opposed to negligence and that such latitude was not afforded to him, (3) that the trial court improperly failed to afford the plaintiff either a "trial-like hearing" or oral argument on the issue of whether the complaint alleged reckless, wanton or malicious conduct, and (4) that the trial court failed to consider whether the complaint alleged wanton, reckless or malicious conduct, and instead based the judgment dismissing the complaint solely on the issue of whether the defendant was a "state officer or employee." We disagree with the plaintiff and affirm the judgment of the trial court.

I

We first address the issue of whether an attorney representing a client pursuant to appointment by the court as a special assistant public defender is an employee of the state for purposes of sovereign immunity. We conclude that he is such an employee.

It is the settled law of Connecticut that the state is immune from suit unless it consents to be sued. *Lacasse* v. *Burns*, 214 Conn. 464, 468, 572 A.2d 357 (1990). General Statutes § 4-165 provides in pertinent part: "No *state officer or employee* shall be personally liable for damage or injury, not wanton, reckless or malicious,

caused in the discharge of his duties or within the scope of his employment. . . . For the purposes of this section 'scope of employment' shall include, but not be limited to, representation by *an attorney . . . appointed by the court as a special assistant public defender of an indigent accused . . . .*" (Emphasis added.) Because the state can act only through its officers and agents, a suit against a state officer or employee is in effect one against the sovereign state. *White* v. *Burns*, 213 Conn. 307, 312, 567 A.2d 1195 (1990).

The defendant herein was appointed by the court as a special assistant public defender and is being sued for his actions in the course of that representation. General Statutes § 51-293 (a) (2) specifically does not "prevent a judge of the superior court from appointing a special assistant public defender on a contractual basis for a temporary period of time in an appropriate case . . . ."

The plaintiff argues that the defendant is not an employee of the state and that he therefore is not protected by § 4-165. General Statutes § 4-141 provides, however, that " 'state officers and employees' includes every person elected or appointed to or employed in any office, position or post in the state government, whatever his title, classification, or function and whether he serves with or without remuneration or compensation . . . . In addition to the foregoing, 'state officers and employees' includes . . . attorneys appointed by the court as special assistant public defenders . . . ." Thus, § 4-141 on its face makes § 4-165 applicable to "attorneys appointed by the court as special assistant public defenders," such as the defendant in the present case. We conclude that the defendant

meets the criteria for a "state officer or employee" for purposes of the protection of sovereign immunity.[2]

## II

As previously noted, § 4-165 provides that "[n]o state officer or employee shall be personally liable for damage or injury, *not wanton, reckless or malicious,* caused in the discharge of his duties or within the scope of his employment." (Emphasis added.) The plaintiff claims that the doctrine of sovereign immunity is not available to the defendant in this action because the complaint alleges "wanton, reckless or malicious acts," rather than "negligence." We disagree.

### A

It is axiomatic that the plaintiff's right to recover is limited to the allegations of his complaint. *Matthews* v. *F.M.C. Corp.*, 190 Conn. 700, 705, 462 A.2d 376 (1983). "When a [trial] court decides a jurisdictional question raised by a pretrial motion to dismiss, it must consider the allegations of the complaint in their most favorable light." *Reynolds* v. *Soffer*, 183 Conn. 67, 68, 438 A.2d 1163 (1981).

The plaintiff specifically represents in the complaint that his cause of action is legal malpractice. "Where the plaintiff alleges that the defendant negligently performed legal services and failed to use due diligence the complaint sounds in negligence . . . ." *Shuster* v. *Buckley*, 5 Conn. App. 473, 478, 500 A.2d 240 (1985). Negligence is a separate and distinct cause of action from wilful and malicious misconduct. *Kostiuk* v. *Queally*, 159 Conn. 91, 94, 267 A.2d 452 (1970). Our review of the complaint leads us to conclude that the plaintiff's allegations, construed in the light most favor-

---

[2] We need not consider the defendant's status as a public defender appointed by the public defender services commission since it was not raised in the pleadings or brought to the attention of the trial court.

able to the plaintiff, did not constitute allegations of "wanton, reckless or malicious misconduct," but, rather, constituted allegations of negligence. We, therefore, cannot conclude that the trial court improperly held that the facts as pleaded in the complaint allege negligent rather than wanton, reckless or malicious acts.

## B

The plaintiff further argues that, as a pro se plaintiff, he was entitled to "more latitude" than a plaintiff represented by counsel in the trial court's determination of whether the complaint alleged "wanton, reckless and malicious conduct," a decision that could deny the defendant the protection of sovereign immunity. "Although we allow pro se litigants some latitude, 'the right of self-representation provides no attendant license not to comply with relevant rules of procedural and substantive law.' " *State* v. *Krijger*, 33 Conn. App. 49, 55, 633 A.2d 310 (1993), cert. denied, 228 Conn. 917, 636 A.2d 849 (1994), quoting *Galland* v. *Bronson*, 204 Conn. 330, 334–35, 527 A.2d 1192 (1987). Therefore, even a pro se litigant must allege "wanton, reckless or malicious conduct," which the plaintiff here failed to do, in order to bring a complaint within an exception to sovereign immunity.

## C

The plaintiff next argues that he was entitled to and was denied either oral argument or a "trial-like hearing" on the issue of whether the complaint in this action alleged "wanton, reckless or malicious conduct," rather than mere negligence, because the issue would affect the court's determination of subject matter jurisdiction. Contrary to the plaintiff's claim, oral argument was provided to the plaintiff, who appeared pro se. Although the plaintiff made reference at that hearing to the nature of the allegations set forth in the complaint, he did not

argue his position on this issue. While it is true that at oral argument the court stated: "I am trying to focus on whether the defendant was a state officer or immune in some way," and may have momentarily turned the discussion away from the nature of the allegations of the complaint, the court's statement did not, as the plaintiff suggests, deprive the plaintiff of the opportunity to argue that issue. In fact, prior to the conclusion of the hearing, the court said to the plaintiff, "All right. Anything else?" The plaintiff replied, "No, sir." Thus, the plaintiff was, in fact, afforded the opportunity to address that or any other issue, and he declined to do so.

The plaintiff cites *Standard Tallow Corp.* v. *Jowdy*, 190 Conn. 48, 659 A.2d 503 (1983), in support of his claim that he was entitled to a "trial-like hearing" on the issue of jurisdiction. That case is inapposite. In *Standard Tallow Corp.*, a trial-like hearing was required in order to provide the court with the facts regarding service of process that were necessary for the court to determine whether personal jurisdiction had been obtained. In the present case, however, jurisdiction did not depend on the facts of service, but rather on the allegations in the complaint. If the pleadings did not set forth "wanton, reckless or malicious conduct" by the defendant, the doctrine of sovereign immunity would oust the court of jurisdiction. Therefore, no trial-like hearing was required to enable the court to review those pleadings to determine what cause of action or causes of action they set out. Therefore, in the present case, a trial-like hearing was not required.

D

The plaintiff also claims in his brief that, in the trial court, "jurisdiction was decided solely on the question of whether the defendant was a state officer," and that the trial court improperly failed to consider the issue of whether the plaintiff's complaint alleged "wanton,

reckless or malicious conduct." Contrary to the plaintiff's statement, however, the trial court *expressly* found that "the facts as pleaded in the complaint allege negligent acts, rather than wanton, reckless and malicious acts." Therefore, the trial court's decision was properly based not only on whether the defendant was a state officer or employee, but also on the nature of the allegations of the complaint. We therefore hold that the trial court properly found that the present action does not fall within the exception to the doctrine of sovereign immunity for actions alleging "wanton, reckless or malicious conduct."

Finally, in light of the fact that the defendant is protected in this case by the doctrine of sovereign immunity, we must consider whether that immunity has been waived. In certain circumstances, upon request of a claimant, the claims commissioner may, on behalf of the state, waive sovereign immunity with respect to a claim that it would otherwise bar. General Statutes § 4-165 provides in pertinent part: "Any person having a complaint for such damage or injury shall present it as a claim against the state under the provisions of this chapter. . . ." If the claims commissioner "deems it just and equitable," he may waive immunity on behalf of the state and authorize suit against the state. General Statutes § 4-160 (a). Section 4-160 (b) provides that, in such a case, "the claimant shall allege such authorization and the date on which it was granted. . . ." It is a cardinal principle of judicial review that when an adequate administrative remedy is provided by law, it must be exhausted. *Doe* v. *Heintz*, 204 Conn. 17, 34, 526 A.2d 1318 (1987). In the present case, the record does not reflect that the plaintiff exhausted this administrative remedy by obtaining and pleading such authorization to sue, and, therefore, we conclude that immunity has not been waived.

"As we have stated many times before, the doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss." *Amore* v. *Frankel*, 228 Conn. 358, 364, 636 A.2d 786 (1994). The plaintiff's action in ths case is barred by the doctrine of sovereign immunity and the plaintiff has neither claimed nor demonstrated that sovereign immunity has been waived; therefore, the court does not have jurisdiction to hear the plaintiff's action. The trial court properly dismissed the complaint.

The judgment is affirmed.

In this opinion FOTI, J., concurred.

LANDAU, J., dissenting. The majority concludes that the defendant falls within the protection of the doctrine of sovereign immunity because the trial court properly found that the plaintiff's complaint fails to allege sufficient acts of wanton, reckless or malicious misconduct. Because my review of the complaint leads me to conclude otherwise, I respectfully dissent.

Our consideration on appeal is whether the trial court properly granted the motion to dismiss the plaintiff's complaint. Two facts present themselves with exceptional clarity: (1) the plaintiff appears pro se; and (2) the effect, albeit not the purpose, of the trial court's action is to prevent the pro se plaintiff from obtaining a full and fair adjudication of his rights. " 'This court has always been solicitous of the rights of pro se litigants and, like the trial court, will endeavor to see that such a litigant shall have the opportunity to have his case fully and fairly heard so far as such latitude is consistent with the just rights of any adverse party.' *Conservation Commission* v. *Price*, 193 Conn. 414, 421 n.4, 479 A.2d 187 (1984)." *Budlong* v. *Nadeau*, 30 Conn. App. 61, 67, 619 A.2d 4, cert. denied, 225 Conn. 909, 621 A.2d 290, cert. denied, 510 U.S. 814, 114 S. Ct. 62, 126

L. Ed. 2d 31 (1993). " 'Although we will not entirely disregard our rules of practice, we do give great latitude to pro se litigants in order that justice may both be done and be seen to be done. *Cersosimo* v. *Cersosimo*, 188 Conn. 385, 393, 449 A.2d 1026 (1982); *LaBow* v. *LaBow*, 13 Conn. App. 330, 336, 537 A.2d 157 (1988).' *Cugini* v. *Cugini*, 13 Conn. App. 632, 634, 538 A.2d 1060 (1988)." *Lo Sacco* v. *Young*, 20 Conn. App. 6, 9, 564 A.2d 610, cert. denied, 213 Conn. 808, 568 A.2d 793 (1989).

Neither party in this case sought to introduce facts outside of the record on the motion to dismiss. "[W]hen a motion to dismiss does not seek to introduce facts outside of the record it is equivalent to our former motion to erase and admits all well pleaded facts, the complaint being construed most favorably to the plaintiff. *Brewster* v. *Brewster*, 152 Conn. 228, 233, 206 A.2d 106 (1964)." *American Laundry Machinery, Inc.* v. *State*, 190 Conn. 212, 217, 459 A.2d 1031 (1983).

Although I do not dispute the majority's conclusion that the plaintiff alleges what can be deemed only acts of negligence in eleven of thirteen allegations of misconduct set forth in the pleading, with respect to the remaining two, I would conclude that the plaintiff asserts claims of misconduct by the defendant that transcend negligence. In subparagraphs (e) and (f) of paragraph one, the plaintiff claims that the defendant (1) "*refused* to subpoena witnesses that were available and ready to testify" and (2) "*refused* to take statements or depositions from witnesses that were available and critical and because of this lost memory of crucial facts." (Emphasis added.) In my view, the language employed by the plaintiff in these allegations was " 'explicit enough to clearly inform the court and opposing counsel that reckless misconduct [was] relied on.' " *Kostiuk* v. *Queally*, 159 Conn. 91, 94, 276 A.2d 452 (1970). Moreover, if proven, these assertions would

establish that the defendant exhibited "a reckless disregard of the just rights . . . of others or of the consequences of [his] action." (Internal quotation marks omitted.) *Futterleib* v. *Mr. Happy's, Inc.*, 16 Conn. App. 497, 510, 548 A.2d 728 (1988).

Consistent with our practice of being solicitous of the rights of pro se litigants; *Connecticut Light & Power Co.* v. *Kluczinsky*, 171 Conn. 516, 519–20, 370 A.2d 1306 (1976); in ascertaining the true scope of the complaint, I would conclude that the plaintiff sufficiently alleges acts of misconduct that remove the defendant from the protection of the doctrine of sovereign immunity. Accordingly, I would reverse the judgment and remand the matter for further proceedings.