[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO STRIKE (#133)
The defendant moves to strike five counts of the plaintiff's six count amended complaint on the grounds of sovereign immunity. For the reasons stated below, the motion to strike is granted as to counts one, two and three, and denied as to counts four and six.
I. FACTUAL AND PROCEDURAL HISTORY
The defendant is the high sheriff of Hartford County. Pursuant to General Statutes § 6-37[1] and § 6-45,[2]
the defendant appointed the plaintiff to act as his chief deputy. Subsequently, the defendant removed the plaintiff from the position of chief deputy. The plaintiff originally brought this action seeking a temporary injunction to prevent his removal from this position. The preliminary injunction was granted by the court, O'Neill, J., by order dated July 2, 1996. The preliminary injunction was later dissolved, however, by Judge O'Neill on October 2, 1996. The plaintiff then filed a six count amended complaint against the defendant, alleging breach of an employment contract, breach of the implied covenant of good faith and fair dealing, wrongful termination, and a violation of his constitutional right to free speech. The defendant now moves to strike counts one, CT Page 12684 two and three on the ground that the doctrine of sovereign immunity bars the recovery sought in these counts.[3] The defendant also seeks to strike counts four and six, in part.
Pursuant to Practice Book § 155, the defendant has filed a memorandum of law in support of his motion to strike and the plaintiff has timely filed a memorandum of law in opposition.
II. STANDARD FOR MOTION TO STRIKE
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Waters v.Autuori, 236 Conn. 820, 825-26, 676 A.2d 357 (1996). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) NovametrixMedical Systems v. BOC Group, Inc., 224 Conn. 210, 215,618 A.2d 25 (1992). The issue of sovereign immunity may be raised in a motion to strike. See Heigl v. Board of Education, 218 Conn. 1,3, 587 A.2d 423 (1991).
III. DISCUSSION
A. Counts one, two and three:
General Statutes § 4-165 provides in relevant part that "[n]o state officer or employee shall be personally liable for damage or injury, not wanton, reckless or malicious, caused in the discharge of his duties or within the scope of his employment." General Statutes § 4-165. The Appellate Court has held that "[i]t is the settled law of Connecticut that the state is immune from suit unless it consents to be sued." Lemoinev. McCann, 40 Conn. App. 460, 461, 673 A.2d 115 (1996), cert. denied, 237 Conn. 904, 674 A.2d 1330 (1996).
The doctrine of sovereign immunity is based on the idea that "[t]he source of sovereign power in the state of Connecticut is the constitution, and it is recognized that a sovereign is immune from suit on the logical and practical ground that there can be no legal right as against the authority that makes the law on which the right depends." (Internal quotation marks omitted.)Herzig v. Horrigan, 34 Conn. App. 816, 818, 644 A.2d 360 (1994). The purpose of this doctrine is to prevent "serious interference CT Page 12685 with governmental functions and the imposition of enormous fiscal burdens on the state by subjecting its government to private litigation." Id., 819.
"[The Connecticut Supreme Court has] . . . recognized that because the state can act only through its officers and agents, a suit against a state officer concerning a matter in which the officer represents the state, is, in effect, against the state." (Internal quotation marks omitted.) Antinerella v. Rioux,229 Conn. 479, 487, 642 A.2d 699 (1994). Moreover, "[i]n the absence of legislative authority . . . [the courts] have declined to permit any monetary award against the state or its officials." (Internal quotation marks omitted.) Krozser v. New Haven,212 Conn. 415, 420, 562 A.2d 1080 (1989), cert. denied,439 U.S. 1036, 110 S.Ct. 757 (1990).
The plaintiff argues in opposition to the defendant's motion to strike that no courts have specifically held that county governments are subject to sovereign immunity or that High Sheriffs are state officials, and therefore, this court should find that the defendant is not a state officer and not protected by sovereign immunity.
"Several factors for consideration have evolved in determining whether a given entity is an `arm' of the government entitled to be clothed in the tort immunity of the state. These inquiries include whether the entity was created by the state and to whose control the entity is subject, . . . whether the state itself has a pecuniary interest or a substantive right in need of protection, whether the government body functions statewide, does the state's work, was created by the state legislature and is subject to local control, and to what extent the entity depends financially on state coffers, and whether the instrumentality was created as a state agency and empowered to accomplish a public purpose . . . and whether the instrumentality uses state owned land or owns the land independently." Dolnack v. Metro-NorthCommuter Railroad Co., 33 Conn. App. 832, 836-37, 639 A.2d 530
(1994).
Applying this test to the present case reveals that Connecticut statutes and case law are contrary to the plaintiff's assertion. General Statutes § 6-2a provides in relevant part that "[o]n and after October 1, 1960, all property, property rights and choses in action of any kind belonging to the several counties of the state and all powers and authority of saidCT Page 12686counties shall be vested in the state and all debts, obligations, liabilities and duties of said counties shall be assumed by the state. . . ." (Emphasis added.) General Statutes § 6-2a. Additionally, the salaries of the sheriffs of the several counties are set and paid by the state. General Statutes § 6-33.
In Antinerella v. Rioux, supra, 229 Conn. 479, the plaintiff deputy sheriff sought recovery from the defendant high sheriff for wrongful termination of his employment. In referring to the defendant, the Supreme Court explained that "[w]hen . . . thestate employee acts solely to further his or her own illegal scheme and not to carry out government policy, there is no reason to provide immunity from suit." (Emphasis added.) Id., 497. Furthermore, the court explained that "[t]he defendant's alleged conduct was not designed to advance any interest of his employer,the state. . . ." (Emphasis added.) Id., 499.
"The public office [held by the high sheriff] is a trust conferred by public authority for a public purpose. . . . The rights, authority and duty . . . conferred upon the sheriff by law, clearly invest him with a portion of the sovereign power of the government to be exercised by him for the public good." (Citations omitted; internal quotation marks omitted.)Antinerella v. Rioux, supra, 229 Conn. 498. Accordingly, it is evident that the high sheriff is an officer, agent or employee of the state and is therefore protected by sovereign immunity.
There are, however, exceptions to this general rule of immunity. "This absolute bar of actions against the state has been greatly modified both by statutes effectively consenting to suit in some instances as well as by judicial decisions in others." Antinerella v. Rioux, supra, 229 Conn. 487. For example, "sovereign immunity does not bar suits against officials of the state who act in excess of their statutory authority." UnisysCorporation v. Department of Labor, 220 Conn. 689, 697,600 A.2d 1019 (1991); see also Savage v. Aronson, 254 Conn. 256, 264,571 A.2d 696 (1990) (holding that "sovereign immunity does not bar suits against state officials acting in excess of their statutory authority . . . or in violation of constitutional rights.") (Citations omitted; internal quotation marks omitted.)
Our Supreme Court has held that "[i]n those cases in which it is alleged that the defendant officer is proceeding . . . in excess of his statutory authority, the interest in the protection of the plaintiff's right to be free from the consequences of such CT Page 12687 action outweighs the interest served by the sovereign immunity doctrine. . . . Where[, however,] no substantial claim is made that the defendant officer is acting pursuant to an unconstitutional enactment or in excess of his statutory authority, the purpose of the sovereign immunity doctrine requires dismissal of the suit for want of jurisdiction." (Citations omitted; internal quotation marks omitted.)Antinerella v. Rioux, supra, 229 Conn. 488.
The plaintiff argues in opposition to the defendant's motion to strike that the chief deputy is also a deputy within the meaning of General Statutes § 6-45 and therefore, the notice and hearing requirements of § 6-45 apply equally to the removal of a deputy from the position of chief deputy. Thus, the plaintiff alleges that the defendant exceeded his statutory authority by removing the plaintiff from the position of chief deputy without just cause, notice and a hearing.
The plaintiff's argument, however, is unpersuasive for the following reasons. First, General Statutes § 6-45 provides that the appointment of deputy sheriffs "shall be in writing, under the hand of the sheriff, and recorded in the records of the superior court in the county in which they are appointed." In contrast, General Statutes § 6-37 provides that "[e]ach sheriff shall appoint one of such deputies to be chief deputy." Thus, there are separate and different methods of appointment for a chief deputy and a deputy. The appointment of the chief deputy is clearly a discretionary power of the high sheriff.
Furthermore, the Supreme Court has held that "[i]f the statutory language . . . is clear and unambiguous . . . courts cannot, by construction, read into such statutes provisions which are not clearly stated." (Internal quotation marks omitted.)Iovieno v. Commissioner of Correction, 242 Conn. 689, 710
(1997). "It is an axiom of statutory construction that legislative intent is to be determined by an analysis of the language actually used in the legislation . . . [W]hen the language of a statute is plain and unambiguous, we need look no further than the words themselves because we assume that the language expresses the legislature's intent." (Internal quotation marks omitted.) Brennan v. Burger King Corp., 46 Conn. App. 76, 32, (1997)
General Statutes § 6-45 provides that "deputy sheriffs shall continue to hold office . . . unless sooner removed for CT Page 12688 just cause after due notice and hearing." This language is absent from § 6-37, the section dealing with the chief deputy. Thus, the language of General Statutes § 6-45 clearly requires notice and a hearing prior to the removal of a deputy. Neither General Statutes § 6-45 nor § 6-37, however, restrict the high sheriff from removing a deputy from the position of chief deputy without notice and a hearing. It should be noted that the plaintiff only alleges that he suffered injuries due to his removal from the position of chief deputy, and not that his employment as a deputy itself was terminated. Thus, while the plaintiff was removed from his discretionary, at-will position of chief deputy, the plaintiff remains a deputy of the Hartford county sheriff's department. Therefore, because the plaintiff was not removed as a deputy, the plaintiff does not and cannot allege a violation of General Statutes § 6-45.
Additionally, the appointment of a chief deputy differs from the appointment of a `regular' deputy in that the former is done at the discretion of the high sheriff while the latter requires a writing signed by the sheriff and records of the Superior Court. Thus, given that the legislature has expressly provided for separate methods of appointment and duties of the chief deputy, and that reference to the chief deputy is absent from General Statutes § 6-45, it follows that the notice and hearing requirements of § 6-45 do not apply to the removal of the chief deputy. Because the court can not read into statutes provisions which are not clearly stated, I conclude that General Statutes § 6-45 does not prevent the defendant from removing his chief deputy at his discretion.
Therefore, unlike Antinerella v. Rioux, supra, 229 Conn. 479, wherein the plaintiff made substantial allegations of a fee splitting agreement between the high sheriff and various deputies in clear violation of General Statutes § 6-36 and § 6-46, the plaintiff here has failed to substantially allege that the defendant has acted in excess of his statutory authority. Thus, the plaintiff has failed to allege an exception to the rule of sovereign immunity.
Furthermore, in Antinerella v. Rioux, supra, 229 Conn. 493, the court held that the termination of the deputy by the high sheriff violated public policy and therefore, immunity was not available. The court there explained, that the defendant "has acted to accomplish what statutes specifically prohibited him from doing. Sections 6-36 and 6-46 reflect the clear public CT Page 12689 policy that a high sheriff may not engage in fee splitting. It would be totally incongruous for the legislature to prohibit any fee splitting by the high sheriff, but nevertheless [permit] us to allow him to advance the scheme by terminating the plaintiff's employment with total immunity." Id. In the present case, however, this public policy exception to sovereign immunity is not available because in counts one, two and three, the plaintiff has failed to allege facts sufficient to fall within this exception.
Therefore, even construing the facts alleged in the complaint in a light most favorable to the plaintiff, I conclude that sovereign immunity bars the recovery sought in counts one, two, and three, because the plaintiff has failed to allege an exception to this rule. Specifically, counts one, two and three fail to make a substantial claim that the defendant was acting in excess of his statutory authority or that the plaintiff's discharge violated public policy. See Antinerella v. Rioux,
supra, 229 Conn. 488, and the motion to strike must be granted as to counts one, two and three.
B. Counts four and six
The defendant has also moved to strike counts four and six, in part, of the plaintiff's amended complaint. The defendant, however, failed to set forth the reasons for the claimed pleading deficiency in the motion. Practice Book § 154 provides that "[e]ach motion to strike raising any of the claims of legal insufficiency enumerated in the preceding sections shall separately set forth each such claim of insufficiency and shall distinctly specify the reason or reasons for each such claimed insufficiency."
"[The Supreme Court has] said that a motion to strike that does not specify the grounds of insufficiency is fatally defective . . . and that Practice Book § 155, which requires a motion to strike to be accompanied by an appropriate memorandum of law citing the legal authorities upon which the motion relies, does not dispense with the requirement of § 154 that the reasons for the claimed pleading deficiency be specified in the motion itself." (Citations omitted; internal quotation marks omitted.) Morris v. Hartford Courant Co., 200 Conn. 676, 683 n. 5,513 A.2d 66 (1986). Our Supreme Court, however, has also held that the motion will nevertheless be considered "in the form presented to the trial court due to the plaintiff's failure to CT Page 12690 object to its form and the nonjurisdictional nature of § 154." Bouchard v. People's Bank, 219 Conn. 455, 468 n. 4,594 A.2d 1 (1991).
Accordingly, because the plaintiff failed to object to the form of the defendant's motion to strike and because Practice Book § 154 is nonjurisdictional in nature, I consider the motion to strike counts four and six in the form presented.
In his memorandum of law, the defendant argues in support of his motion to strike counts four and six that sovereign immunity bars the recovery sought in these counts. The plaintiff argues in opposition that the motion to strike counts four and six should be denied because counts four and six sufficiently allege an exception to the rule of sovereign immunity. Specifically, count four alleges a violation of the plaintiff's constitutional right to free speech and count six alleges wrongful termination in violation of public policy.
In Savage v. Aronson, supra, 214 Conn. 264, the court held that "[s]overeign immunity does not bar suits against state officials acting . . . in violation of constitutional rights." (Citations omitted; internal quotation marks omitted.) Furthermore, in Antinerella v. Rioux, supra, 229 Conn. 493, the court held that the termination of the deputy by the high sheriff violated public policy and therefore, immunity was not available the court explained that "[g]iven the inherent vagueness of the concept of public policy, it is often difficult to define precisely the contours of the exception. [The court looks to see whether] the plaintiff has . . . alleged that his discharge violated any explicit statutory or constitutional provision . . . [or whether] he alleged that his dismissal contravened any judicially conceived notion of public policy." (Internal quotation marks omitted.) Id., 492.
The plaintiff alleges in count four of the amended complaint that he was removed from the position of chief deputy in retaliation for exercising his constitutional right to free speech. Specifically, the plaintiff alleges that he protested and informed the defendant of many illegal or improper activities undertaken by the defendant and his agents and that on account of this speech, he was removed from the position of chief deputy in violation of 42 U.S.C. § 1983. In count six, the plaintiff alleges that he was wrongfully terminated in violation of public policy because he protested the activities of the defendant and CT Page 12691 refused to participate or further such allegedly improper and illegal activities.
Because the court, in deciding a motion to strike, must construe the facts in the complaint most favorably to the plaintiff I find that counts four and six sufficiently allege that the defendant acted in violation of public policy and in violation of the plaintiff's constitutional rights. Accordingly, because counts four and six allege an exception to the rule of sovereign immunity, the defendant's motion to strike these counts fails and must be denied as to them.
CONCLUSION
For the reasons stated, the defendant's motion to strike is granted as to counts one, two and three of the amended complaint and denied as to counts four and six thereof.
TELLER, J.