[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendants, the Town of Scotland and its building official, George Guay, move to strike all four counts of the revised complaint. The complaint alleges in the first count that Guay is liable to the plaintiffs for damages arising from Guay's negligent inspection of their newly constructed home and the issuance of a certificate of occupancy for the residence. The second count avers that Guay's inspection and certification was with reckless disregard for health and safety. The third and fourth counts reiterate the negligence and reckless claims with respect to liability against the town by way of C.G. § 52-557n.
 I.
The building official contends that he is entitled to sovereign immunity because the inspection and certification were performed in his capacity as an agent of the State as well as the town; that he has governmental immunity under § 52-557n(b); and that the reckless claim is unsupported by the factual allegations in count 2 of the complaint.
 A
As to the first count, the court declines to address the issue of whether sovereign immunity exists because governmental immunity under § 52-557n(b)(7) and (8) exempts Guay from liability for negligent inspection and certification. Subsection 52-557n(b)(7) provides that Guay shall not be liable for personal or property damage resulting from "the issuance . . . of . . . any . . . certificate . . . when such authority is a discretionary function by law, unless such issuance . . . constitutes a reckless disregard for health or safety." Subsection 52-557n(b)(8) states that Guay is not liable for "failure to make an inspection or making an inadequate or negligent inspection of any property . . . to determine whether the property complies with or violates any law or contains a hazard to health or safety, unless the [municipality] had notice of such a violation of law or such a hazard or unless such failure to inspect or such inadequate or negligent inspection constitutes a reckless disregard for health or safety under all the relevant circumstances."
The complaint alleges that the foundation footings in their home CT Page 4724 were defective and in violation of law. Nowhere in the complaint is it alleged that the municipality knew of this condition before Guay's inspection of the house. Guay's inspection and resulting issuance of the certificate of occupancy were clearly a discretionary function.Evon v. Andrews, 211 Conn. 501, 506 (1989). Guay's issuance of the certificate falls squarely within the immunity afforded to him under § 52-557n(b)(7). What constitutes a proper inspection and a determination of whether a building is in conformity with various building codes requires an exercise of judgment rendering that inspection and determination a discretionary function. Id. Likewise, the protection from liability afforded to Guay under § 52-557n(b)(8) is present in this case as to count one.
The plaintiff argues that despite the governmental immunity available to Guay by § 52-557n(b), a common law negligence action may still be brought against him. The court rejects this notion. The language of § 52-557n(b) unambiguously states that a town employee, officer, or agent "shall not be liable for damages to person or property" flowing from the list of activities which follows. Indeed, our Supreme Court has observed that § 52-557n(b) "immunizes . . .' any employee, officer or agent acting within the scope of his employment or official duties' from liability," Sanzone v. Board of Police Commissioners,219 Conn. 179, 193 (1991); in "contrast" to § 52-557n(a) for which employee liability under the common law may still exist. Id.
Consequently, the motion to strike is granted as to the first count.
 B
As to the second count, alleging reckless disregard, the court notes that the issue of sovereign immunity is inapplicable to this court. Lemoine v. McCann, 40 Conn. App. 460, 462 (1996).
The court holds that the plaintiff has set forth sufficient factual allegations to constitute an exception to the immunity from liability afforded by § 52-557n(b). In deciding a motion to strike, the trial court takes the facts alleged in the complaint as true and disregards facts not contained therein. Liljedahl Bros., Inc. v. Grigsby,215 Conn. 345, 348 (1990). In scrutinizing the legal sufficiency of the facts so alleged, the court construes them in the light most favorable to sustaining adequacy of the complaint. Bouchard v. People's Bank,219 Conn. 465, 467 (1991).
Subparagraph 7(b) of the second count complains that Guay failed CT Page 4725 to detect flaws in the foundation footings "which were so basic and fundamental" that that failure constituted reckless disregard for health and safety. Subparagraph 7(e) alleges that Guay knew that the structure was in violation of building codes and issued the certificate of occupancy notwithstanding. Subparagraph 7(f) similarly states that Guay knew or the dangerous footings and still issued the certificate.
Reckless behavior entails a conscious disregard of a perceived risk.Sheiman v. Lafayette Bank and Trust Co., 4 Conn. App. 39, 45 (1985); or egregious conduct which involves an extreme departure from ordinary care where danger is apparent. Dubay v. Irish, 207 Conn. 518, 533
(1988). The allegations of the second count are sufficient to set forth a cause of action against Guay for reckless disregard, an exception to sovereign immunity and to governmental immunity under § 52-557n(b)(7) and (8).
The motion to strike the second count is denied.
 II.
As to the third count, the same immunity provisions which exempt Guay from liability for negligent inspection and certification also exempt the municipality for the reasons set forth in section I, A of this memorandum. Therefore, the motion to strike is granted as to the third count.
As to the fourth count, the motion to strike is denied for the reasons set forth in section I, B of this memorandum.
In summary, the motion to strike is granted as to counts one and three and denied as to two and four.
Sferrazza, J.