[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS #102
On August 11, 1998, the plaintiff, Gilna Lowe, filed a complaint against the defendants, Ivy Willoughby, Tom Willoughby and Carl Campbell. Although it is not clear exactly what the pro se plaintiff is attempting to allege in her complaint, it is clear from the affidavit of Patricia Goyette, Social Work Supervisor with the Department of Children and Families, that Ivy and Tom Willoughby (the Willoughbys) are licensed foster parents in the State of Connecticut as well as the paternal grandparents of the plaintiffs children, Jamilah and Nazareth Fagon. It is also clear from the affidavit that the plaintiff's and biological father's parental rights of Jamilah and Nazareth Fagon were terminated on June 21, 1994.
On January 7, 1999, the Willoughbys filed a motion to dismiss the plaintiff's complaint, accompanied by a supporting memorandum of law. No objection to the motion to dismiss has been filed by the plaintiff.
"A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." (Internal quotation marks omitted.) Johnson v. Department of Public Health,48 Conn. App. 102, 107, 710 A.2d 176 (1998). "The motion to dismiss . . . admits all facts which are well pleaded, invokes CT Page 6354 the existing record and must be decided upon that alone. . . . Where, however . . . the motion is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of the jurisdictional issue and need not conclusively presume the validity of the allegations of the complaint." (Citations omitted; internal quotation marks omitted.) Barde v. Board of Trustees, 207 Conn. 59, 62,539 A.2d 1000 (1988). "It is well established that [i]n ruling upon whether a complaint survives a motion to dismiss, a court must take the fact to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." (Internal quotation marks omitted.) Lawrence Brunoli. Inc. v. Branford,247 Conn. 407, 410, ___ A.2d ___ (1999). "[T]he doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss." (Internal quotation marks omitted.) Federal Deposit Ins. Corp. v. Peabody. N.E., Inc., 239 Conn. 93, 99, 680 A.2d 1321 (1996).
The Willoughbys move to dismiss the plaintiffs complaint on the basis of lack of subject matter jurisdiction, specifically sovereign immunity. The Willoughbys argue that they are state employees and therefore entitled to sovereign immunity.
"It is the settled law of Connecticut that the state is immune from suit unless it consents to be sued." Lemoine v.McCann, 40 Conn. App. 460, 462, 673 A.2d 115, cert. denied,237 Conn. 904, 674 A.2d 1330 (1996). "The source of sovereign power in the state of Connecticut is the constitution, and it is recognized that a sovereign is immune from suit on the logical and practical ground that there can be no legal right as against the authority that makes the law on which the right depends." (Internal quotation marks omitted.) Lipwich v. Frankel,44 Conn. App. 651, 656, 691 A.2d 1099, cert. denied, 241 Conn. 907 (1997). Moreover, "[b]ecause the state can act only through its officers and agents, a suit against a state officer or employee is in effect one against the sovereign state." Lemoine v. McCann, supra, 40 Conn. App. 463. General Statutes 4-165 provides that: "No state officer or employee shall be personally liable for damage or injury, not wanton, reckless or malicious, caused in the discharge of his duties or within the scope of his emploment." "Because [General Statutes § 4-165] abrogates the previously existing common law right of redress against state employees, the statute must be strictly construed." McKinley v.CT Page 6355Musshorn, 185 Conn. 616, 621, 441 A.2d 600 (1981). It has been held that "foster parents, [are] `employees' of the state as that term is used in . . . [General Statutes § ] 4-165. . . ." Hunte v.Blumenthal, 238 Conn. 146, 167, 680 A.2d 1231 (1996).
Thus, the Willoughbys are entitled to sovereign immunity so long as their alleged acts were within the scope of their employment and were not wanton, reckless or malicious. The acts alleged relate to the Willoughbys' status as foster parents. Thus, the Willoughbys were acting within the scope of their employment.
"In making a claim for willful or malicious conduct, the plaintiff must do more than merely incorporate those words into the complaint." (Internal quotation marks omitted.) Sidarweck v.Quaezar. Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 345429 (November 26, 1997, Skolnick, J.). Moreover, the "[p]laintiff must do more than rely on conclusory allegations contained in its complaint; it must make at least a prima facie showing of jurisdiction through its own affidavits and supporting materials." (Internal quotation marks omitted.)Marlow v. Norgren, Superior Court, judicial district of New Haven at New Haven, Docket No. 409958 (October 7, 1998, Moran, J.).
Here, the plaintiff has not incorporated the words `willful' or `malicious' into the complaint. Moreover, since the plaintiff has neither submitted affidavits nor supporting materials, she has failed to make a prima facie showing of jurisdiction. Therefore, the Willoughbys are entitled to sovereign immunity.
Based on the foregoing, the Willoughby's motion to dismiss is granted.[1]
SKOLNICK, J.