[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO DISMISS (#105)
In this action, the pro se plaintiff, Thomas J. Latina, seeks damages from the defendants, Oread, Inc., and the State of Connecticut, Connecticut Department of Labor, Employment Security Division, (DOL) in connection with an alleged wrongful termination of his employment. Count one of the complaint alleges defamation against Oread, Inc., the plaintiffs former employer. Count two alleges that the DOL decision denying the plaintiffs application for unemployment compensation was arbitrary, illegal and an abuse of discretion.
Presently before the court is DOL's motion to dismiss the plaintiffs complaint, insofar as it is directed against the DOL, CT Page 5719 on the grounds that (1) the doctrine of sovereign immunity deprives the court of subject matter jurisdiction, and (2) the plaintiff has failed to exhaust his administrative remedies. Because the court finds that the action against the DOL must be dismissed on the ground that sovereign immunity deprives the court of subject matter jurisdiction, the court does not address the alternate ground advanced by the DOL.
"Practice Book § 143 [now § 10-31] permits a party to move for dismissal of an action on the basis of a lack of subject matter jurisdiction." Sagamore Group, Inc. v. Commissioner ofTransportation, 29 Conn. App. 292, 298, 614 A.2d 1255 (1992). "[T]he doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss." Amore v. Frankel, 228 Conn. 358, 364, 636 A.2d 786
(1994). Contrary to the plaintiffs claim that sovereign immunity must be pleaded by special defense or raised by motion to strike, "[a] motion to dismiss is the appropriate procedural vehicle to raise a claim that sovereign immunity bars the action." SagamoreGroup, Inc. v. Commissioner of Transportation, supra, 298.
It is a well settled principle that the state is immune from suit unless it consents to be sued. Federal Deposit Ins. Corp. v.Peabody. N.E., Inc., 239 Conn. 93, 101, 680 A.2d 1321 (1996);Lacasse v. Burns, 214 Conn. 464, 468, 572 A.2d 357 (1990); Lemoinev. McCann, 40 Conn. App. 460, 462, 673 A.2d 115, cert. denied,237 Conn. 904, 674 A.2d 1330 (1996). "The state may . . . consent to be sued in certain cases by appropriate legislation waiving its sovereign immunity." Herzig v. Horrigan, 34 Conn. App. 816,819, 644 A.2d 360 (1994). In addition, "[s]overeign immunity does not bar suits against state officials acting in excess of their statutory authority or pursuant to an unconstitutional statute."Doe v. Heintz, 204 Conn. 17, 31, 526 A.2d 1318 (1987).
The plaintiffs action against the DOL, an agency of the State, is barred by the doctrine of sovereign immunity. The plaintiff has neither claimed nor demonstrated that sovereign immunity has been waived. Further, although the plaintiff alleges that the DOL's exercise of its authority in determining his unemployment compensation application was unreasonable, arbitrary, illegal and an abuse of discretion, the complaint contains no allegations that the DOL acted in excess of its authority or that the DOL acted pursuant to an unconstitutional statute. Therefore, the court does not have subject matter jurisdiction to entertain the plaintiffs action as to the CT Page 5720 defendant DOL. Accordingly, the DOL's motion to dismiss the complaint, insofar as it is directed against it, is granted.
Teller, J.