[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendants Robert Frew II and Jan A. Frew (hereafter "defendants") have filed a motion to dismiss the five counts of the plaintiffs' complaint pending against them on the grounds that, as foster parents, they are entitled to protection under the doctrine of sovereign immunity. Specifically, the defendants assert that, to the extent they are being sued in their personal capacity,[1] they, as foster parents, are protected by the immunity afforded state employees pursuant to General Statutes § 4-165.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Internal quotation marks omitted.)Gurliacci v. Mayer, 218 Conn. 531, 544 (1991). The doctrine of sovereign immunity implicates subject matter jurisdiction and is properly a basis for granting a motion to dismiss. FederalDeposit Ins. Corp. v. Peabody, N.E., Inc., 239 Conn. 93,99 (1996) "When a court decides a jurisdictional question raised by a pretrial motion to dismiss, it must consider the allegations of the complaint in their most favorable light." Reynolds v. Soffer,183 Conn. 67, 68 (1981).
The plaintiffs Jacqueline Pelkey, Peter Pelkey, Sr., and their minor child, Sharese Pelkey initially brought a sixteen count complaint against defendants Robert Frew II and Jan A. Frew, their minor son, Robert Frew III, the Commissioner of the Department of Children and Families, the Child Advocate, and the Claims Commissioner alleging negligent, reckless and malicious actions with respect to the care and custody of the minor child, Sharese Pelkey. The claims against the Commissioner of the Department of Children and Families, the Child Advocate, and the Claims Commissioner have previously been dismissed by the court on sovereign immunity grounds. The defendant Robert Frew III is CT Page 15626 the father of the child born to the plaintiff Sharese Pelkey and the defendants Robert Frew II and Jan A. Frew were at one time the foster parents of the plaintiff Sharese Pelkey.
The defendants Robert Frew II and Jan A. Frew seek to dismiss the five counts against them because they assert that, during the relevant time period, they were foster parents and therefore state employees entitled to sovereign immunity pursuant to §4-165. The plaintiffs claim that § 4-165 does not bar the action because the acts complained of were not in the discharge of the defendants' duties as foster parents and not within the scope of their employment. The court agrees with defendants with respect to count nine of the complaint and with the plaintiffs with respect to counts six, seven, eight, and fifteen.
Section 4-165 provides in pertinent part that "No state officer or employee shall be personally liable for damage or injury, not wanton, reckless or malicious, caused in the discharge of his duties or within the scope of his employment. Any person having a complaint for such damage or injury shall present it as a claim against the state under the provisions of this chapter." This statute provides sovereign immunity to state employees in their individual capacity for conduct undertaken within the scope of their employment that is not wanton, reckless or malicious. Lemoine v. McCann, 40 Conn. App. 460 (1996). The plaintiffs must allege sufficient facts to support a conclusion that the defendants were acting outside the scope of their employment or wilfully or maliciously. Antimerella v. Rioux,229 Conn. 479, 489 (1994).
In count nine of the first amended complaint, the plaintiffs claim that the defendants Robert Frew II and Jan A. Frew were negligent while the plaintiff Sharese Pelkey was in their custody and care because they allowed the defendant Robert Frew II to have sexual relations with the plaintiff Sharese Pelkey and she became pregnant. The time period covered by count nine is the period after April 11, 1996 when Sharese Pelkey was placed in the care of the defendants as foster parents. The parties disagree as to whether the conduct complained of was within the scope of the defendants' employment as foster parents and therefore barred by § 4-165.
In deciding whether a state employee was acting within the scope of his employment for purposes of § 4-165, the court must determine "whether the employee was reasonably fulfilling CT Page 15627 the duties of employment or doing something incidental to it." Id., 498. Count nine of the complaint asserts that the defendants were negligent in the care that they provided Sharese Pelkey by allowing Robert Frew III to have sexual relations with her. The provision of care to Sharese Pelkey was undertaken by the defendants in fulfillment of their duties as foster parents. It was in no way incidental to those duties. While the defendants' duties as foster parents do not encompass the sanctioning of sexual relations among minors, the gravamen of the count is the quality of the care provided by the defendants, a matter central to their duties as foster parents. Negligent conduct will always be outside the scope of the duties of a state employee. Therefore, the inquiry must focus of the nature of the conduct, not the nature of the negligence.
The plaintiffs also assert that count nine is not barred by § 4-165 because the defendants have not shown that the defendants were licensed foster parents. The Connecticut Supreme Court held in Hunte v. Blumenthal, 238 Conn. 146 (1996) that licensed foster parents were state employees entitled to immunity under § 4-165. The plaintiffs claim that, although the defendants served as foster parents for Sharese Pelkey, they were not licensed by the State of Connecticut as foster parents and are not entitled to the protection of § 4-165.
The Supreme Court in Hunte determined that the licensed foster parents in that case were state employees for purposes of § 4-165 because the state retained the right to control foster parents in the discharge of their duties. Hunte v.Blumenthal, supra, 238 Conn. 154. The fact that the state actually issued a license to foster parents was not a significant factor in the court's decision.
On April 11, 1996, the Superior Court for Juvenile Matters, Sequino, J., granted temporary custody of Sharese Pelkey to the Department of Children and Families (DCF). DCF placed the minor child with the defendants. On April 19, 1996, Judge Sequino confirmed the order of temporary custody with DCF and specifically confirmed the child's placement by DCF with the defendants as foster parents. There appears to be no dispute that, although the defendants were not licensed as foster parents pursuant to the department's regulations, the defendants actually functioned as foster parents for the minor child. Since the defendants served as foster parents and DCF retained the right to control the exercise of their duties, the defendants were state CT Page 15628 employee entitled to immunity under § 4-165.
Three of the remaining counts of the plaintiffs' complaint which are directed at the defendants Robert Frew II and Jan A. Frew, counts six, seven, and eight, do not concern that period of time when the defendants were serving as foster parents for Sharese Pelkey and consequently do not involve their conduct as foster parents. Count six alleges custodial interference in March of 1996 due to the defendants attempts to seek custody through the probate court. Count seven alleges custodial interference from July 7 through July 16, 1996 and count eight claims custodial interference around July 23, 1996, both of which were times when DCF had removed Sharese Pelkey from the defendants' home and they were no longer acting as her foster parents. Since the defendants were not acting as foster parents during the relevant time periods covered by these claims, they are not entitled to § 4-165 immunity for those claims.
Count fifteen of the complaint asserts that the defendants are vicariously liable for the acts of their minor child, Robert Frew III, pursuant to General Statutes § 52-572. Since this claim is based on the defendants' status as the parents of Robert Frew III, not their status as the foster parents of Sharese Pelkey, it is not barred by § 4-165.
For the foregoing reasons, count nine of the plaintiffs' complaint is hereby dismissed. The motion to dismiss counts six, seven, eight and fifteen is denied.
BY THE COURT
Judge, Jon M. Alander