[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#109) AND OBJECTION (#114)
The plaintiff, Linda Spencer, and the defendant, Patrick Smith, are tenants in common and are co-owners of 61-63 Quintard Terrace in Stamford.[1] In her complaint, the plaintiff states that she wishes to sell the property and in her prayer for relief asks that if the parties cannot come to an equitable resolution, that a partition of the real estate occur by sale and a committee appointed to make such a sale. On October 18, 2000, the plaintiff moved for summary judgment on the ground that the defendant had not denied the truth of the allegations in the complaint in his answer and therefore, there was no genuine issue of material fact in dispute. The defendant filed a timely brief in opposition to the plaintiff's motion.
A motion for summary judgment shall be granted "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Milesv. Foley, 253 Conn. 381, 385, 752 A.2d 503 (2000). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . .The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] CT Page 1115 material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Appleton v. Board of Education,254 Conn. 205, 209, 757 A.2d 1059 (2000).
In support of her motion for summary judgment, the plaintiff attaches her sworn affidavit. The plaintiff states that the defendant refused to either cooperate and sell the property or offer to buy out the plaintiff. Additionally, the plaintiff states that the defendant failed to aid the plaintiff in managing the property and refused to pay a portion of the monthly mortgage payment. Consequently, the plaintiff claims that her only viable alternative is the appointment of a committee to sell her interest at a partition by sale. (Plaintiff's Affidavit, ¶¶ 8-11.)
The defendant argues in his memorandum that there are disputed issues of fact in this case: a debt owed to the defendant by the plaintiff; a debt owed by the defendant to his former wife payable upon the sale of the property; a pending legal issue between the defendant and a public utility; and a divorce judgment between the plaintiff and her ex-husband which has not been made available to the defendant. The defendant, however, offers no evidence in support of his contentions.
"Although we will not entirely disregard our rules of practice, we do give great latitude to pro se litigants in order that justice may both be done and be seen to be done." (Internal quotation marks omitted.) Lemoinev. McCann, 40 Conn. App. 460, 469, 673 A.2d 115, cert. denied,237 Conn. 904, 674 A.2d 1330 (1996). This does not, however, mean that we will "entirely disregard the established rules of procedure, adherence to which is necessary in order that. . . the real issues in controversy may be presented and determined." Swenson v. Dittner, 183 Conn. 289, 295, n. 3, 439 A.2d 334 (1981); see also Acerbo v. Bunk, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 146211 (March 16, 1998, D'Andrea, J.) ("Although our courts are consistently . . . solicitous of the rights of pro se litigants', the rules of practice cannot be ignored to the detriment of other parties.")
The Practice Book sets forth the rules regarding the contents of a defendant's answer. A defendant shall admit and deny allegations in a plaintiff's complaint. Practice Book § 10-46.[2] A defendant, however, may not be evasive in his denial and must admit or deny portions of an allegation. Practice Book § 10-47.[3] Therefore, "where any matter of fact is alleged with divers circumstances, some of which are untruly stated, it shall not be sufficient to deny it as alleged, but so much as is true and material should be stated or admitted, and the rest CT Page 1116 only denied." Id.
In this case, the defendant did not affirm or deny the allegations of the plaintiff's complaint in his answer, but rather stated that he had insufficient knowledge. The defendant claims that his lack of knowledge about the plaintiff's divorce judgment precludes him from answering the plaintiff's complaint. The complaint, however, did not make allegations as to the divorce judgment and therefore, the defendant's lack of knowledge of the plaintiff's divorce judgment is immaterial. Admissions or denials regarding the defendant's relationship as a tenant in common with the plaintiff were required in his answer. Pursuant to § 10-47, the defendant was required to answer those allegations of the complaint that he did have knowledge of, and in this case the defendant failed to do so. Consequently, as pointed out by the plaintiff, the defendant's answer does not offer the existence of any material facts in dispute.
While the defendant may argue in his memorandum that there are genuine issues of disputed facts in this case, the court concludes that they are not material to this action. "A material fact is simply a fact which will make a difference in the result of the case." (Internal quotation marks omitted.) Morascini v. Commissioner of Public Safety, 236 Conn. 781,808, 236 A.2d 1340 (1996). "Mere assertion of facts . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Brackets in original; internal quotation marks omitted.) Maffucci v. Royal Park Ltd.Partnership, 243 Conn. 552, 554-55, 707 A.2d 15 (1998). In the present case, the allegations of the complaint revolve around the relationship of the plaintiff and the defendant as tenants in common and the controversy surrounding the potential sale of the property. While the defendant asserts that there are genuine issues of fact in dispute, the court is unpersuaded that they are material facts since they do not relate to the relationship between the plaintiff and defendant as tenants in common. "A conclusory assertion . . . does not constitute evidence sufficient to establish the existence of a disputed material fact for purposes of a motion for summary judgment." Hoskins v. Titan Value Equities Group,252 Conn. 789, 793-94, 749 A.2d 1144 (2000). Moreover, "[t]he existence of the genuine issue of material fact must be demonstrated by counter-affidavits and concrete evidence." (Internal quotation marks omitted.) Pion v. Southern New England Telephone, 44 Conn. App. 657,663, 691 A.2d 1107.
In this case, the defendant has failed to supply the court with any documentation or evidence which can be used to successfully refute the facts as recited by the plaintiff in her affidavit. Accordingly, the court finds that no genuine issues of material fact exist in this case CT Page 1117 and therefore, none are in dispute. Therefore, the plaintiff's motion for summary judgment is hereby granted.
HICKEY, J.