[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
This action arises out of a May 1996 complaint brought by a neighbor of the plaintiff, Gerald Falbel, alleging that the plaintiff was putting junk and debris in a drainage swale which subsequently, caused flooding to the neighbor's property. The plaintiff was warned to remove the obstruction in a June 1996 letter from the Stamford Environmental Protection Board (EPB). The plaintiff failed to do so and on September 10, 1996, a cease and desist order (order) was issued to the plaintiff. On September 19, 1996, this order was confirmed by a hearing before the EPB and a notice of violation was recorded in the land records. The plaintiff did not attend the hearing. On September 20, 1996, the EPB sent a letter to the plaintiff advising him of the hearing outcome and the notice of violation. On October 10, 1996, the plaintiff faxed a letter to the Mayor of Stamford's office promising to comply with the order. In January 1999, the plaintiff contacted the EPB and requested that his property be inspected for compliance with the order because he was refinancing his property. On February 22, 1999, the notice of violation was released by the EPB.
On March 24, 1999, the plaintiff brought an action against the defendants, the city of Stamford and director of the EPB, David Emerson, (collectively, the defendants), in Small Claims Court. Subsequently, the defendants removed this matter to the Superior Court. On December 7, 2000, the defendants moved for summary judgment on the grounds that (1) pursuant to Connecticut General Statutes § 52-557n, the two year statute of limitations had expired; and (2) the defendants have immunity pursuant to Connecticut General Statutes § 52-557n (b)(5).
A motion for summary judgment shall be granted "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Milesv. Foley, 253 Conn. 381, 385, 752 A.2d 503 (2000). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the CT Page 2957 existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Appleton v. Board of Education,254 Conn. 205, 209, 757 A.2d 1059 (2000).
First, the defendants argue that pursuant to General Statutes §52-557n the plaintiff cannot bring his action because the two year statute of limitations has expired. Upon reviewing the statute, however, the court finds that General Statutes § 52-557n does not make any reference to a statute of limitations. The plaintiff argues in his memorandum, however, that the defendants were negligent in their inspection of the plaintiff's property. The plaintiff argues that the defendants waited over two years after the plaintiff notified the defendants of his corrective action to inspect the property. The plaintiff contends, therefore, that the defendants' negligence resulted in the plaintiff's inability to refinance the mortgage on his property at a lower interest rate. Consequently, the court will apply C.G.S. §52-577, the statute of limitations for a tort claim, which is three years.[1]
The plaintiff was warned to remove the obstruction in the June 11, 1996 letter from the EPB. Subsequently, the plaintiff brought this action against the defendants on March 24, 1999. The court finds, therefore, that the plaintiff brought his action within the three year statute of limitations for a tort claim. Consequently, the court cannot grant summary judgment on this ground.
Next, the defendants argue that they are immune from the plaintiff's claim as they acted with probable cause, pursuant to General Statutes § 52-557n (b)(5),[2] and therefore, the defendants are entitled to summary judgment as a matter of law. The defendants argue that they had probable cause to respond to the plaintiff's actions based on the following evidence: the affidavit of defendant, David Emerson; the May 1996 complaint by the plaintiff's neighbor; inspections of the plaintiff's property by the EPB staff, the September 20, 1996, public hearing; and the October 10, 1996, fax from the plaintiff to the Mayor ensuring compliance with the order. (Defendants' memorandum, Emerson Aff.; Exh. A-D, F-I.)
"Although we will not entirely disregard our rules of practice, we do give great latitude to pro se litigants in order that justice may both be done and be seen to be done." (Internal quotation marks omitted.) Lemoinev. McCann, 40 Conn. App. 460, 469, 673 A.2d 115, cert. denied,237 Conn. 904, 674 A.2d 1330 (1996). This does not, however, mean that we will "entirely disregard the established rules of procedure, adherence to which is necessary in order that . . . the real issues in controversy may be presented and determined." Swenson v. Dittner, 183 Conn. 289, 295, n. CT Page 2958 3, 439 A.2d 334 (1981); see also Acerbo v. Bunk, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 146211 (March 16, 1998, D'Andrea, J.) ("Although our courts are consistently . . . solicitous of the rights of pro se litigants', the rules of practice cannot be ignored to the detriment of other parties.")
In this case, the court finds that the defendants had probable cause to bring the order against the plaintiff under General Statutes § 52-557n
(b)(5). Furthermore, the plaintiff has failed to supply the court with any documentation or evidence which can be used to successfully refute the defendants' assertion. Accordingly, the defendants' motion for summary judgment is hereby granted.
So Ordered.
D'ANDREA, J.