COSGROVE, J.
The defendant Mohegan Tribal Gaming Authority (hereinafter MTGA) filed a motion to dismiss the claim of the plaintiff Tanya Thomas Jones under the Mohegan Tribal Gaming Authority Discriminatory Employment Practices Claims and Appeals Ordinance, TGA 97-5. The MTGA claims that Ms. Jones lacks standing to file a Claim, that even if she did have standing she has not filed her claim to this court in a timely fashion and further that the plaintiff has failed to exhaust her administrative remedies pursuant to TGA 97-5 and therefore any Appeal would be defective.
This court is a court of limited jurisdiction, M.T.O. 95-4, Section 102. The court “shall apply and enforce the substantive law of the Mohegan Tribe in all cases, except when Tribal law is preempted by applicable federal law.” M.T.O. 95-4, Section 300. The general statutes and the common law of the State of Connecticut have been “adopted as and declared to be the positive law of the Mohegan Tribe” except as such statutes or common law are in conflict with Mohegan Tribal Law. See M.T.O. 95-4 Sec. 302(b) and (c). This court further looks to the Connecticut Practice Book as the rules of practice for this court. M.T.O. 95-4, Sec. 800 et. seq.
In deciding the jurisdictional issues raised by the pretrial Motion to Dismiss filed in this case the court must consider the allegations of the complaint in their most favorable light to the claims of Ms. Jones. See Lemoine v. McCann 40 Conn.App. 460, 464, 673 A.2d 115, quoting Reynolds v. Soffer, 183 Conn. 67, 68, 438 A.2d 1163 (1981). “A motion to dismiss admits all facts well pleaded and invokes any record that accompanies the motion, including supporting affidavits that contain undisputed facts.” Carl J. Herzog Foundation Inc. v. University of Bridgeport, 41 Conn.App. 790, 793, 677 A.2d 1378 (1996). See Conn. Prae. Book § 143.
In this case the court has before it the claim filed by Tanya Jones, the Assembly of Record filed by the MTGA in accordance with TGA 97-5, Sec. V, the affidavit of Kevin Bogle, Vice President of Human Resources of the Mohegan Tribal Gaming Authority doing business as the Mohegan Sun and the letter of the pro se claimant in opposition to this motion.
From the documents identified in the preceding paragraph the following allegations and facts are found to be undisputed. Tanya Thomas Jones was first employed by the Mohegan Sun as a cook on or about October 8, 1996. After a ninety day probationary period she was eligible to be a regular full time employee. The affidavit of Mr. Bogle states that at the time of her termination Ms. Jones was a full time employee. This fact is in dispute, however, as Tanya Jones has checked the box on the Claim form, GDC-12, Rev. 4-97, stating that her status is a “Former Employee, Probationary Period Not Completed.” In November and December of 1996 and January of 1997 Ms. Jones was sexually harassed on the job by several of her coworkers. In late January of 1997 she complained of the harassment to the Human Relations Department of the Mohe *402 gan Sun. The Human Relations Department acted on her complaint in timely fashion. The coworkers who had harassed Ms. Jones were disciplined and apologized to Ms. Jones, Ms. Jones was moved to a new work area and a number of sick days were removed from her work record.
Ms. Jones claims in her letter in opposition to this motion to dismiss that she was again harassed by different coworkers in her new work area. Accepting these allegations at face value, there is no claim by Ms. Jones that she brought these new complaints to the attention of the Human Relations Department of the Mohegan Sun. The claimant stated “I was left with no other recourse but to seek justice for myself by myself because of the racial and sexual comments I endured from my fellow coworkers.” Claimant’s opposition letter, dated January 30, 1998, emphasis in the original. Ms. Jones employment with the MTGA was terminated on May 7, 1997. Ms. Jones did not seek an adjustment of any grievance arising out of the termination of her employment, she did not pursue the administrative remedies available to her under the Mohegan Sun Employment policies, she did not seek review of her termination by a Board of Review nor did she obtain a final Decision from the General Manager affirming or overturning a decision of the Board of Review. On November 7, 1997 Ms. Jones filed a Discriminatory Employment Practices Claim pursuant to TGA 97-5 rather than a Discriminatory Practices Appeal pursuant to TGA 97-5 claiming that she had been terminated in retaliation for making the sexual harassment complaint.
The court now turns to the ordinance under which and pursuant to which Ms. Jones is seeking a remedy. The Mohegan Tribe, under federal law is a domestic dependent nation and it enjoys immunity from suit unless there is a clear waiver by the tribe or abrogation by Congress. Oklahoma Tax Cammission v. Citizen Band Potawatomi Indian Tribe of Oklahoma, 498 U.S. 505, 509, 111 S.Ct. 905, 112 L.Ed.2d 1112 (1991). The MTGA has granted a limited express waiver of sovereign immunity in the Discriminatory Employment Practices Ordinance. The Mohegan Tribal Gaming Authority Discriminatory Employment Practices Claims and Appeals Ordinance, TGA 97-5 as amended, effective April 10, 1997 discusses the waiver in several places. The ordinance is “the exclusive process to be utilized by individuals who complain that they have been the object of discriminatory employment practices by the Gaming Enterprise.” TGA 97-5, preamble. The ordinance expresses a limited waiver of the sovereign immunity by the Mohegan Tribal Gaming Authority.
“The Mohegan Tribal Gaming Authority hereby grants a limited waiver of its sovereign immunity for the sole purpose of enabling an applicant for employment with the Gaming Enterprise or an employee or former employee of the Gaming Enterprise, who believes that he or she is or has been the object of a discriminatory employment practice by the Gaming Enterprise, to file and process a Claim or Appeal in the Gaming Disputes Court in accordance with and subject to the specific provisions expressed in this ordinance. Sovereign immunity is not waived by the Gaming Authority for any other purpose....” TGA 97-5 11(a).
The ordinance defines two avenues for redress “claims” and “appeals.” A “claim” can only be filed by “individual applicants for employment, individuals .... suspended .... or .... terminated .... prior to completion of their respective probationary periods of employment.” TGA 97-5 Sec. 111(a)(1). Further the ordinance expressly provides “no individual who has access to *403 the grievance procedures set forth in the Gaming Enterprise Employment Policies or to the Board of Review shall have standing to file a Claim pursuant to this ordinance.” TGA 97-5 Sec. 111(a)(1). An “appeal” under this ordinance is primarily a review of the administrative reeord developed through proceedings of the Board of Review and the record before the General Manager. See TGA 97-5, Sec. IV(b).
With regard to both a “claim” and an “appeal” action must be taken by the claimant or the appellant by filing appropriate papers with the Tribal Gaming Disputes Court within the time frames set out in the ordinance.
“A Claim may be filed ... within thirty (30) days after the occurrence of the event out of which the Claim arises, or when the Claimant first knew or, through the exercise of reasonable diligence should have known of the occurrence of the event out of which such Claim arises. Any claim filed more than thirty(30) days after the occurrence of the event out of which the Claim arises .... will be deemed untimely and will be subject to dismissal by the Court.” TGA 97-5, Sec. 111(a)(2).
An Appeal to the court may be filed within thirty (30) days after service upon the appellant of the Final Decision or the decision of the Trial Court. Any Claim filed more than thirty days after such service will be deemed untimely and will be subject to dismissal by the Court.” TGA 97-5, Sec. III(b)(2)(Italics added).
While the use of the word “claim” in the above quoted section is con-fusing as all other references in the section refer to the “appeal” remedy. Given its location within the ordinance, it is reasonable to interpret and give sense to the statutory scheme to conclude that an “ap-peal” filed more than thirty days after the service of the decision of the General Manager is untimely and subject to dismissal. “In interpreting the language of a statute, the words must be given their plain and ordinary meaning and their natural and usual sense unless context indicates a different meaning was intended” Oiler v. Ol-ler-Chiang 646 A.2d 822, 833, 230 Conn. 828 (1994).
Finally, the ordinance iterates that its time frames are mandatory:
“(a) All Appeals and Claims shall be filed within the time limits provided herein and in accordance with the applicable provisions of this ordinance.
(b) Any Claim or Appeal which is not timely filed or fails to comply with the applicable provisions of this ordinance shall be dismissed.”
TGA 97-5, Sec. XI(a) and
(b) emphasis added.
As applied to the facts in this case for the purposes of this motion it is undisputed that Tanya Jones employment with the MTGA was terminated on May 7,1997. It is this act which she claims violated her rights under TGA 97-5 as it was motivated by her earlier filing of a sexual harassment complaint. It is the event that triggers the time for the exercise of her rights under TGA 97-5. In order to file a claim in a timely fashion she would have to do so within thirty days from May 7,1997. See TGA 97-5, Sec. 111(2). This she has not done as the first filing that she made on this claim was November 7, 1997. This fatal to her claim and it deprives the court of jurisdiction to act on the complaint. The court need not resolve the disputed fact as to whether or not Ms. Jones was a probationary or full time employee.
As the plaintiff is acting in a pro se capacity, the court will also review whether or not Ms. Jones “claim” would be viable if it had been filed as an “appeal.” *404 Here a new barrier arises that Ms. Jones can not overcome. In order to file an appeal, a current or former full time employee must exhaust their administrative remedies. The MTGA has codified in this ordinance regarding discriminatory employment practices the doctrine of exhaustion of administrative remedies: “No Appeal will lie from a Final Decision unless the Appellant has exhausted all applicable administrative remedies, including, but not limited to, the grievance and Board of Review process set forth in the Gaming Enterprise Employment Policies.” TGA 97-5, Sec. 111(b)(5). The codification of this policy makes it less forgiving than if the doctrine had been brought into the jurisprudence of the Mohegan Tribal Gaming Authority by operation of M.T.O. 95-4, Sec. 302(b) and (c). If Ms. Jones was a full time employee, it is undisputed that she did not exercise her administrative remedies. The record shows that although she did exercise her rights when she objected to the sexual harassment by her coworkers in November through January of 1997, there is no evidence that she again exercised those rights in May of 1997 when she was terminated. Her failure to do so deprives this court of jurisdiction to act on her complaint.
Absent the enactment of the Discriminatory Employment Practices Ordinance, TGA 97-5, the claimant would not have the right to make the claim she is making against the MTGA. Where “a specific time limitation is contained within a statute that creates a right of action that did not exist at common law, then the remedy exists only during the prescribed period and not thereafter.” Ecker v. West Hartford, 205 Conn. 219, 232, 530 A.2d 1056 (1987) See also, Long v. Mohegan Tribal Gaming Authority, Doc. No. GDTC-D-97-105, 1 Am. Tribal Law 385, 1997 WL 34678573 (1997) and Jenkins v. Mashantucket Pequot Gaming Enterprise, 1 Mash.Rep. 9, 1 Mash. 7 (1993). Here, the ordinance is clear as to the establishment for the time for filing claims or appeals and also the requirement of the participation in and exhaustion of administrative remedies. Ms. Jones failure to exercise her rights granted by this ordinance in accordance with the specifications of the ordinance deprives the court of jurisdiction.
Accordingly the Defendant’s’ Motion to Dismiss the claim of Tanya Jones is hereby granted.