MEMORANDUM OF DECISION ON PLAINTIFF’S MOTION FOR SUMMARY JUDGMENT and DEFENDANT’S OBJECTION THERETO
WILSON, Judge.
This action was brought on December 9, 2002 pursuant to the Mohegan Tribal Discriminatory Employment Practices Ordinance, MTO 2002-04 by the filing of a “Discriminatory Employment Practices Complaint.” The Plaintiff, acting pro se, and pursuant to the granting of an application for a waiver of filing fee, filed the complaint on a form supplied by the clerk of this court. In it, the Plaintiff alleges that she has been the subject of a discriminatory employment practice as described in MTO 2002-04. She checked off the following alleged basis of discriminatory employment practices: “Gender”, “Pregnancy--or- related medical condition” (sic; the Plaintiff crossed out the words “pregnancy or related.” Because this emendation is not permitted by the rales and changes the meaning of the allegation, the court, sua sponte, strikes this allegation.) “Religion, • Medical.or Physical disability when reasonable accommodation is possible” (sic; the plaintiff crossed out the words “Religion, Mental, or, ...” Again, the rules do not permit this emendation. Because, however the allegation under this heading are in the disjunctive, the court does not strike this allegation); “Exercise of Rights under Connecticut Workers Compensation Act, Tribal Law or Regulation;” and “Retaliation as a result of the filing of a complaint, or the testimony or being about to testify in a proceeding under the Mohegan Tribal Discriminatory Practices.” The Plaintiff attached to this Complaint an un-sworn “Affidavit” in which she elaborated on the reasons that she alleges that she was wrongfully terminated from her employment.
The Defendant filed a request to revise to which the Plaintiff responded by filing a “Compliance to Order to Revise.” The Defendant filed two subsequent requests to revise, to each of which the Plaintiff responded by filing Amended Complaints. The Defendant then filed a Motion to Strike “those claims in Plaintiff Josephine Lovoi’s Amended Complaint dated May 20, 2003 ...” In its motion the Defendant conceded that the Plaintiffs original complaint asserted “cognizable claims” under MTO 2002-04.
This court granted the Defendant’s Motion to Strike. The court noted that the Plaintiffs “initial, and still subsisting complaint ... states causes of action cognizable under Sec. 104” of MTO 2002-04. The court held that those allegations which the Defendant sought to strike from the amended complaint were either duplicative of those asserted in the original complaint or were barred by the Mohegan Tribe’s sovereign immunity. In a Supplemental Memorandum of Decision dated August 27, 2004, the court clarified its previous decision to express that the original complaint was not dismissed and is presently subsisting.
The court reiterates that the Plaintiffs original complaint was not dismissed; sets forth allegations which, if proven by the Plaintiff, constitute a good cause of action under MTO 2002-04; and is still subsisting, i.e., continues to exist. The Defendant has not filed an answer to the complaint.
The Plaintiff has now filed a Motion for Summary Judgment wherein she alleges as follows: “This Plaintiff has followed all *337 rules of the court and has been greatly harmed by the Defendant and those who are employed by the Defendant. The Defendant’s legal counsel had sufficient time to respond to the Courts decisions. Therefore, the Plaintiff is entitled to a Summary Judgment by the Court. Plaintiff ask for a speedy decision by the Court due to medical issues and lack of employment issues that the Plaintiff faces brought on to this Plaintiff by the Defendant.”
The Plaintiff did not attach to her motion any supporting documents as required by § 49 of the Rules of Civil Procedure.
The Defendant objects to the Plaintiffs Motion on three grounds: First, “the pleadings are not closed, and the Defendant’s have not answered Plaintiffs Complaint.” This ground of objection is overruled for two reasons: first, the rules no longer require that the pleadings be closed. Rather, § 49 provides that “Any party may, at any time prior to the assignment of a case for trial, move for summary judgment;” second, it is the Defendant who is in default for failing to answer the Plaintiffs complaint.
The second ground of the Defendant’s objection is that the Plaintiff has not filed a “viable complaint.” The Defendant’s argument makes much of Connecticut case law indicating that a complaint is considered abandoned and replaced when an amended complaint is filed, e.g., Royce v. Westport, 183 Conn. 177, 439 A.2d 298 (1981). This ground of objection is likewise overruled. Whatever may be the import of the rule in Royce v. Westport in any other civil action, it is not applicable here for two reasons: first, the plaintiff, pro se, was only trying to comply with Defendant’s requests to revise when she filed her amended complaints. She did not initiate the amendments of her own accord, and she did not indicate any intention of abandoning her original complaint on the form supplied by the court; second, it is the law of this case, stated twice previously, and reiterated herein, that the Plaintiffs original complaint stated a cause of action cognizable under MTO 2002-04 and it is still subsisting.
The third ground of the Defendant’s objection is well taken. It is that “the Motion for Summary Judgment is clearly defective inasmuch as it is unaccompanied by affidavits or any other evi-dentiary support.” Rule 49 plainly states that “a motion for summary judgment shall be supported by such documents as may be appropriate including affidavits, depositions, disclosures, written admissions and like documents which show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.” The Plaintiffs Motion was not supported by any documents whatsoever. Therefore the Defendant’s objection is sustained and the Plaintiffs Motion is denied.
The “affidavit” attached to Plaintiffs original complaint is not an affidavit at all; it is un-sworn, and does not set forth facts as would be admissible in evidence. Even if it were in proper form, it does not “show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.” § 49, Rules of Civil Procedure. See, generally, Wallace v. Mohegan Tribal Gaming Authority, GDTC-T-03-120, - Am. Tribal Law-, 2004 WL 5660583 (2004) which summarizes the legal standard governing the granting of Motions for Summary Judgment when they have been properly supported as required by § 49. (For the benefit of the Plaintiff, the court furnishes a copy of Judge Eagan’s decision in Wallace to the Plaintiff);
*338 The Court suggests that to bring this case to a conclusion, the Defendant file an answer and defenses, if applicable, to the complaint. In any event, the matter will be set down for Tidal by the Clerk of the Court.