MEMORANDUM OF DECISION ON DEFENDANT’S MOTION TO DISMISS FACTS

WILSON, Judge.
This action is brought pursuant to the Mohegan Discriminatory Employment Practices Ordinance, MTO 2002-04 (The “Ordinance”.) It prohibits discrimination against an employee of the Defendant based on, inter alia, the exercise of rights under the Connecticut Workers’ Compensation Act,[1] Tribal law or regulation; § 104. Any complaint filed under the Ordinance “must be filed within ninety (90) days after the occurrence of[2] the event out of which the complaint arises, or within *524 ninety (90) days after the individual knew or, through the exercise of reasonable diligence should have known, of the occurrence or[2] event out of which such complaint arises. If this time limit is not met, the complaint shall be dismissed and no other remedy shall be available.” MTO 2002-04 § 108(A)(2).
Plaintiff filed the complaint in this action on July 13, 2004, on form GDC-12 furnished by this Court. Plaintiff alleges that he was a former employee of the Defendant who was the object of a discriminatory employment practice. In the space on the form specifying the “Date of occurrence of event or date Plaintiff first knew of occurrence or event out of which complaint arose,” Plaintiff wrote “My Worker’s Compensation claims became valid on 6/2/04.” In the space specifying “alleged basis/bases of Discriminatory Employment Practice (check all that apply),” Plaintiff checked “Exercise of Rights under Connecticut Workers’ Compensation Act, Tribal Law or Regulation.” In the space requesting a description of said events, Plaintiff wrote “Please see attached sheets # 1, attached sheets # 2, attached sheet # 3. Thank you.” The attached sheets, in relevant part, allege that the Plaintiff had sustained injuries to his hip and his foot, which he alleged were work-related. He had accumulated some “points” against his work record and he was involved in contesting those points and in attempting to save his employment. He alleged in “Attached sheet #1” that his “work related injuries: Workers’ Compensation Claims regarding the Plaintiffs injuries became valid on 6/2/04.” He also alleges, however, that July 17, 2003 was “the date which the Plaintiff was officially terminated,” and that “the last communication from the Defendant ... [in] ... Early August 2003 ...” was when “The Defendant’s H R Department stated: All claims have been denied and the Defendant was going ahead with the Plaintiffs termination.” [The remainder of the attached sheets are not relevant to the two limited issues presented by the Motion to Dismiss.]
In response to the Defendant’s Request to Revise, the Plaintiff filed a “Revise'll Complaint” in which he alleged “The Defendant’s denied the Plaintiffs request for medical leave from 7/11/03-7/28/03. Denial of said medical leave caused the Plaintiffs termination of employment on 7/17/03. The Plaintiff was notified of this denial on 7/30/03 after the medical procedures were completed and the Plaintiff thought he was going back to work.” The Plaintiffs Revised Complaint appended several attachments including two Notices of Claim for Compensation under the Connecticut Workers’ Compensation Act, Forms 30C. One alleged a hip injury on May 22, 2003 and the other a foot injury on March 28, 2003. Both forms were dated May 4, 2004, and contained the standard “Warning” to the employee to the effect that if the employer does not file a notice contesting liability within 28 calendar days, compensability shall be presumed.
The Defendant filed a Motion to Dismiss the Plaintiffs Revised Complaint on two grounds: (1) that the “Revised Complaint” does not claim a violation of MTO 2002-04 by alleging that the Plaintiff was the subject of any discriminatory employment practice prohibited by the Ordinance; and (2) that the Complaint is barred by the ninety (90) day time limitation set forth in the Ordinance. The Defendant argues that the complaint in this case was filed on July 13, 2004, a date almost one year after the termination on July 17, 2003.
The Plaintiff objected to the Motion to Dismiss; both parties filed written briefs; and oral argument was had.
*525 The Court holds that although the “Revised Complaint” standing alone does not set forth a cause of action within MTO 2002-04, nevertheless the original Complaint, on a preprinted form supplied by the court, does remain in the case, supplemented by the Revised Complaint, and as such does state a cause of action within the Ordinance. The Court further holds that the original complaint is, however, barred by the Ordinance’s period of limitations for bringing an action.

Discussion

I.
The Defendant’s first argument that the complaint does not state a cause of action within the waiver of sovereign immunity provided under MTO 2002-04 is not well-taken. The Plaintiffs original complaint was filed on the Court approved form GDC-12 for the filing of a complaint under MTO 2002-04 and clearly set forth a claim expressly cognizable under § 104 of the ordinance. That complaint attached three separate sheets, each of which had several further attachments. In response to the Defendant’s Request to Revise, the Plaintiff, acting pro se, filed a “Revised : Complaint” which refined and summarized the three original attachments. The Court construes the “Revised Complaint” as being a revision of the attachments to the ^original complaint.[3] The Court will not deem the Revised Complaint as being a Withdrawal or an abandonment of the original form complaint. The Court concludes that the original Complaint, supple-Smented by the Revised Complaint, states a claim pursuant to MTO 2002-04 and is (therefore not barred by the sovereign immunity of the Tribe. See Lovoi v. MTGA, 2 G.D.R. 106, 107, 5 Am. Tribal Law 335, 336-38, 2004 WL 5660116 (2004).
II.
The Defendant’s second argument is that the Plaintiffs Complaint is barred by the ninety day time limit set forth in MTO 2002-04 § 108(A)(2). The Court agrees. The original complaint, as revised by the Revised Complaint, alleges the following dates as relevant to this issue; first, that the Plaintiff was officially terminated on July 17, 2003; second that the Defendant was notified of the termination on July 30, 2003; third, that the Plaintiff filed two Workers’ Compensation forms dated May 4, 2004; and fourth, that the Plaintiffs claim “became valid on 6/2/04.” This complaint was filed in this Court on July 13, 2004, more than ninety days after the Plaintiffs termination of employment. The Plaintiff makes two arguments in support of his claim that his action is not time barred: first that his complaint in this case “is essentially the same complaint the Plaintiff filed with the casino’s Human Resources Department in July 2003, in an attempt to save his job in July 2003, and should be considered an on-going unresolved complaint.” The Court does not agree.
Under § 108(A) of the Ordinance, the Plaintiff could choose to commence his complaint through the Human Resources process(es) or file a complaint with this court. Under § 108(A)(1) “all applicable time limits must be met to continue with such process(es) ...” and “the statute of limitations contained in sub-section (2) of this section must be met and is not stayed during the Human Resources process(es).” *526 Sub-section (2) contains the ninety day time limit herein before quoted. The occurrence or event out of which the complaint arose was the termination of the Plaintiffs employment on July 17, 2003, an event of which the Plaintiff knew as of July 30, 2003. The complaint in this Court was not filed until July 13, 2004, almost one year later. By the very terms of the Ordinance the complaint must be dismissed.
The Plaintiffs second argument is more ingenious. He claims that he filed claims under the Connecticut Workers’ Compensation Act dated May 4, 2004.[4] Under Sec. 31-294c(b) of the Connecticut General Statutes the employer has 28 calendar days within which to contest such claims. The Plaintiff alleges that the Defendant did not so contest his claims and that therefore his claims “became valid on June 2, 2004,” i.e., the 29th day after the date of the claim. Whether this be so or not, it is immaterial to this case. The “event out of which the complaint arises” was the Plaintiffs termination of employment on July 17, 2003, which the Plaintiff knew of on July 30, 2003.
The alleged failure to file a notice contesting the Plaintiffs claims was a nonoccurrence or a non-event: the Plaintiff claims that the Defendant allowed the 28 day period to elapse without doing anything to contest the Plaintiffs claims. Under the principle of non-contradiction, such non-occurrence or non-event cannot be an “occurrence” or “event” which gives rise to a cause of action under the ordinance.[5]
An “event” is “anything that happens, or is contemplated as happening; an incident, occurrence.” Oxford English Dictionary 539 (2d Ed.2002); an “occurrence” is “something that occurs, happens or takes place; an event, incident.” Id. at 1198. The terms are therefore synonymous and in direct contradiction to non-events, such as the alleged failure of the Defendant to contest the Plaintiffs claims.
Even if the Plaintiff were to claim that the “event” was the “occurrence” of the 29th day following the filing of his claim, i.e., the happening of June 2, 2004, the Plaintiffs argument still must fail. The ordinance commences the running of the period of limitations from the event “out of which the complaint arises.” To “arise” means “to spring, originate, or re-suit from.” Oxford English Dictionary 629 (2d Ed.2002). There must be a casual connection between the event and the complaint: the event must cause the complaint to arise. The occurrence of June 2, 2004 did not cause the Plaintiffs complaint to arise; it was his termination of employment that caused it. In summary, the occurrence or event which gave rise to the Plaintiffs complaint was his termination on July 17, 2003 and he had actual knowledge of this event on July 30, 2003. The Complaint filed on July 13, 2004 was well past the ninety day limit of § 108(A)(2). The failure to file a complaint under the Ordinance within the time limit prescribed by *527 the Ordinance is a defect which deprives the Court of jurisdiction. Jones v. MTGA, 1 G.D.R. 15, 1 Am. Tribal Law 400, 1998 WL 35281215 (1998). The Motion to Dismiss is granted for the reason stated. The Complaint is dismissed. Judgment may enter accordingly.

. At the time of the injuries alleged by the Plaintiff, injuries sustained by employees of the Mohegan Tribe were governed by the State of Connecticut Workers' Compensation Act. The Mohegan Workers' Compensation Act became effective September 1, 2004. MTO 2004-04.

. MTO 2002-04 § 108(A)(2) uses the term "occurrence of the event” in one place and immediately uses the term '‘occurrence or event.” (Emphasis added). Because the terms "occurrence” and "event” are synonymous, no distinction need be made between these terms on account of this anomaly.

. In accordance with well established principles for the purposes of a Motion to Dismiss, the Court construes the allegation of the complaint and the Revised Complaint in light most favorable to the claims of the Plaintiff. e.g., Jones v. MTGA, 1 G.D.R. 15, 1 Am. Tribal Law 400, 1998 WL 35281215 (1998).

. Whether these claims were timely filed is not before, or within the jurisdiction of this Court. The Court must here again construe the allegations of the complaint and the Revised Complaint in a light favorable to the Plaintiff. Jones v. MTGA, supra, N. 3.

. The principle requiring the Court, in deciding a Motion to Dismiss, to construe the allegations of the complaint in a light favorably to the Plaintiff does not require the court to violate this principle of non-eontradh lion. Only "well-pleaded" allegations are to be construed favorably to the Plaintiff’s claims. Jones v. MTGA, supra, N. 3. To construe the Plaintiff’s allegation that his claims "becamt valid on June 2, 2004" as constituting an "event" out of which his claims arose would not be "well-pleaded."